■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY E. HAYES, Appellant.—Appeal from a judgment of the Ulster County Court, rendered December 5, 1975, convicting defendant, upon his plea of guilty, of the crime of manslaughter in the first degree. Defendant contends the record does not adequately show he knowingly and intelligently pleaded guilty. No motion to withdraw or vacate the plea was made to the trial court. Yet, defendant urges that such court failed to inquire into the circumstances of the crime and of his plea, and that his trial counsel induced the plea by suggesting the sentence would be a maximum of 10 years. It is difficult to see just how much more thoroughly the court could have questioned the defendant. In fact, defendant in his brief does not state specifically what further inquiry was necessary. The Court of Appeals in *People v Francis* (38 NY2d 150) recently set forth some general rules governing a Judge's duty, independent of defense counsel, to assure the defendant understands the consequences of his plea *(People v Biauce,* 55 AD2d 692). The court noted that the duty depends on the circumstances of each case, and listed certain factors which should alert the Judge that extraordinary inquiry is necessary. None of those warning factors, i.e., a dispute by the defendant as to what he did, an indictment on its face inappropriate to the facts, or inadequate representation by counsel, were revealed to the Trial Judge. Moreover, even on appeal nothing to warrant special attention is raised, except perhaps defendant's allegations that he was misled by his trial counsel. Defendant also asks that his indeterminate sentence of no minimum to a maximum of 18 years be reduced as excessive. The most severe sentence authorized by statute (Penal Law, § 70.00) is a minimum of 8½ to a maximum of 25 years. The savage beating of a 61-year-old woman by this 35-year-old man justifies the sentence imposed. Judgment affirmed. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.