■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. BIAUCE, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered January 16, 1976, convicting defendant, upon his plea of guilty, of the crime of assault in the second degree. Defendant, incarcerated in the Elmira Correctional Facility, was indicted on November 14, 1975 by a Chemung County Grand Jury in a three-count indictment for attempted escape in the first degree, assault in the second degree and promoting prison contraband in the first degree. On the application of his court-appointed counsel the defendant requested permission to plead guilty to the second charge of the indictment, assault in the second degree, in violation of subdivision 3 of section 120.05 of the Penal Law in satisfaction of all three counts. The second count charged that defendant with intent to prevent a peace officer from performing a lawful duty caused physical injury to a police officer. After hearing defendant's counsel and the District Attorney, the trial court accepted defendant's plea in satisfaction of all three counts and sentenced defendant to an indeterminate term of imprisonment of not more than four years with the sentence to run consecutive to the sentence defendant is now serving. On this appeal defendant claims (1) he did not have adequate notice of the charge before pleading guilty, (2) he did not make a knowledgeable waiver of his constitutional rights, and (3) he did not make a competent plea because he did not understand the consequences of his plea. We disagree. The judgment must be affirmed. The record shows that the indictment charging the requisite intent was read to the defendant at his arraignment and he was furnished with a copy thereof. Before the trial court accepted defendant's plea, he was advised in open court that his plea of guilty was equivalent to a conviction in a trial by jury. In response to the court's inquiry, the defendant admitted that he committed the assault in the second degree as alleged in the second count of the indictment. The defendant further indicated he voluntarily made his plea of guilty after consultation with his counsel. The record discloses that defendant had adequate notice of the charge, that his constitutional rights were respected and that he adequately understood the consequence of his plea (*People v Francis,* 38 NY2d 150; *People v Nixon,* 21 NY2d 338; *People v Hayes,* 55 AD2d 691). *Henderson v Morgan* (426 US 637), cited by defendant,

is not in point. In that case, the defendant was indicted for first degree murder and pleaded guilty to second degree murder, without being indicted therefor and without being advised by counsel or the court, at any time, that an intent to cause death of the victim was an essential element of the crime. The defendant in the case at bar pleaded guilty to a charge contained in the indictment which fully informed him of the elements of the charge and the necessary intent thereof. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Reynolds, JJ., concur.