■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FUS-CHINO, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered December 2, 1980, upon a verdict convicting defendant of 10 counts of the crime of aggravated harassment. Defendant was 19 years old when he was arrested for aggravated harassment (Penal Law, § 240.30) on January 25, 1980. His *Miranda* rights were read to him. After he stated that he did not want the assistance of counsel, he was interrogated for approximately 45 minutes and ultimately signed a confession. Subsequent

inquiry revealed that he had been previously arrested on two occasions, October, 1978 and December 31, 1979, on harassment charges involving the same girl, a former high school classmate. On each occasion he was represented by the same attorney who appeared for him in the present proceeding. The October, 1978 charge was dismissed. The December, 1979 matter was still pending in the Village Court of Ballston Spa at the time of the challenged interrogation. Following the denial of his motion to suppress the confession, defendant was convicted of all 10 counts of aggravated harassment charged in the indictment and sentenced to three years' probation. On this appeal, defendant urges as grounds for reversal that one of the interrogating officers had personal knowledge that defendant had been arrested 25 days before on an unrelated charge that was still pending, and, further, that the interrogating officer also knew that on the prior occasion defendant had been represented by counsel. At the suppression hearing, the officer could not recall if he knew of defendant's prior arrest on the pending unrelated charge. At trial, however, he testified that he definitely was unaware of any criminal charges pending against defendant at the time of his January 25, 1980 interrogation or that defendant was represented by counsel. Since we find no reason in this record to conclude that the police officer's testimony, at both the suppression hearing and at trial, was untruthful with respect to his personal knowledge of an unrelated pending charge involving defendant and his legal representation on that charge, we find that defendant's waiver of his right to the assistance of counsel at the time he executed his inculpatory statement was competent, intelligent and voluntary (*People v Kazmarick*, 52 NY2d 322, 327-328). Defendant's reliance on *People v Bartolomeo* (53 NY2d 225) is misplaced. Here, unlike in *Bartolomeo,* the interrogating officers did not possess actual knowledge of defendant's prior arrest on the unrelated charge and they cannot be said to have deliberately insulated themselves from such knowledge (see *People v Servidio,* 54 NY2d 951). More troublesome is the finding by the suppression court that the failure of the police to permit defendant to call his mother, as requested, was a denial of defendant's constitutional right to representation, the denial of which would mandate suppression of defendant's confession (see *People v Cunningham,* 49 NY2d 203). We are unaware of any case holding that denial of a request to call a parent after arrest is equivalent to a like denial to call an attorney with concomitant results. Unlike *People v Bevilacqua* (45 NY2d 508), this record does not show that the police intentionally deprived defendant of access to his family in an effort to obtain a confession. Here, defendant was 19 years old, had been arrested twice previously on similar charges and had retained counsel. Had he wished the assistance of that attorney subsequent to his arrest and after being informed of his constitutional rights, a simple request for such help could have been made (see *People v Casassa,* 49 NY2d 668, 680). While we agree with defendant's contention that it would have been error, over objection, to receive into evidence an unredacted confession containing evidence of uncharged crimes similar to that particularized in the indictment (*People v Davis,* 46 NY2d 750), we cannot equate defendant's trial counsel's failure to object to the receipt of such proof with incompetent or ineffective representation. The record indicates that the People's witnesses were subjected to vigorous cross-examination and the defense, fashioned on the provocative conduct of the complainant from which the jury was urged to draw the inference that she mailed the letters to herself, was reasonable trial strategy. In sum, the totality of the evidence indicates that defendant's trial counsel provided meaningful representation (*People v Baldi,* 54 NY2d 137). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.