■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. LEWIS, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered April 15, 1982, convicting defendant upon his plea of guilty of the crimes of assault in the first degree and assault in the second degree. In three separate indictments, defendant was charged with two counts of assault in the second degree and one count each of assault in the first degree, criminal possession of a weapon in the third degree, criminal mischief in the third degree, promoting prison contraband in the first degree, promoting prison contraband in the second degree, riot in the second degree and obstructing governmental administration. Following plea bargaining negotiations, defendant entered a plea of guilty of one count of assault in the first degree and one count of assault in the second degree in full satisfaction of all three indictments. He was subsequently sentenced on the conviction of assault in the first degree to an indeterminate term of imprisonment with a maximum term of ten years and a minimum term of five years and on the conviction of assault in the second degree to an indeterminate term of imprisonment with a maximum term of six years and a minimum term of three years. This appeal ensued. Defendant contends that his plea was not entered knowingly and intelligently. On the contrary, a reading of the plea proceedings demonstrates that defendant's plea, with the advice of counsel, was voluntarily and knowingly entered as part of a plea bargaining agreement. At the time of his plea, defendant acknowledged that he was entering a plea of his own free will and understood the rights he was waiving thereby. No circumstances existed at the time of the plea that would have alerted the court that the plea was unfair or inappropriate and that extraordinary inquiry was necessary. Accordingly, we conclude that the court did not abuse its discretion in accepting defendant's plea (*People v Francis,* 38 NY2d 150; *People v Jackson,* 61 AD2d 1071, cert den 439 US 897; *People v Hayes,* 55 AD2d 691). It is also urged by defendant that his plea of guilty to the crime of assault in the second degree was entered with respect to a defective indictment in that the indictment nowhere alleges physical injury which is a necessary element of the crime charged under subdivision 3 of section 120.05 of the Penal Law. The indictment in question charged defendant with the crime of assault in the second degree in that he intentionally attempted to prevent a correction officer from lawfully subduing an inmate by striking the officer in the face with a dangerous instrument, causing substantial pain. In order to be found guilty of assault in the second

degree pursuant to subdivision 3 of section 120.05 of the Penal Law, defendant must have caused physical injury to the officer. Subdivision 9 of section 10.00 of the Penal Law, however, defines physical injury as impairment of physical condition or substantial pain. Consequently, the indictment did charge the essential element of physical injury and was not defective. Contrary to defendant's assertion, we conclude that a photo array shown to an alleged victim of an assault by defendant was not so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. The judgment, therefore, should not be reversed on this ground (see *People v Haynes*, 88 AD2d 1070). We have examined defendant's remaining arguments and find them to be without merit. The judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.