■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH QUICK, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 1, 1984, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was indicted for the crimes of murder in the second degree, assault in the first degree, burglary in the first degree, criminal possession of stolen property in the first degree, grand larceny in the second degree and robbery in the first degree, arising out of an incident where he broke into his ex-girlfriend's apartment in an attempt to gain access to his infant son. Once in the apartment, defendant obtained a knife from the kitchen and proceeded to the bedroom where he struck his ex-girlfriend and inflicted some 27 stab wounds upon her boyfriend, the victim, who later died as a result. Defendant then fled to his parents' house in the victim's car, but when the police arrived he voluntarily accompanied them to the station for questioning. Proper Miranda warnings were given and defendant thereafter signed a written confession. After seeking unsuccessfully to suppress his confession, defendant pleaded guilty to murder in the second degree in full satisfaction of the indictment and, as a part of his agreed-upon plea bargain, was sentenced to an indeterminate term of 20 years to life in prison.

On appeal, defendant contends that: (1) his waiver of his right to the assistance of counsel was ineffective since the officer who interrogated him had constructive knowledge that

he was represented by counsel on a prior, unrelated charge and because his mother had requested that an attorney be present during the interrogation, thereby invoking his right to counsel; (2) his guilty plea was not voluntarily or knowingly made; and (3) his sentence was harsh and excessive.

We are not persuaded by defendant's contention that the interrogating officer, Sergeant Detective William Zullo of the City of Cohoes Police Department, had constructive knowledge that defendant had been arrested on a petit larceny charge by the same police department one month prior to the instant incident. When an officer knows that a prior unrelated charge is pending against a suspect in custody, he has a duty to inquire whether counsel has entered on the charge *(People v Bartolomeo,* 53 NY2d 225, 231-232). If so, the suspect may not be interrogated and any purported waiver of the assistance of counsel made out of the attorney's presence is ineffectual *(People v Miller,* 54 NY2d 616, 618, *cert denied* — US —, 106 S Ct 317; *People v Rogers,* 48 NY2d 167, 173). However, when the officer does not actually know that a prior charge is pending, interrogation is not precluded and the assistance of counsel may be waived *(People v Fuschino,* 87 AD2d 716, 717, *affd* 59 NY2d 91). Constructive knowledge of a prior charge will not be imputed to the officers absent some measure of bad faith *(People v Bertolo,* 65 NY2d 111, 120), i.e., where the officer overlooks the obvious or through some act of subterfuge conceals information *(People v Fuschino,* 59 NY2d 91, 99; *supra; People v Servidio,* 54 NY2d 951, 954 [Gabrielli, J., concurring]; *People v Sanchez,* 109 AD2d 761, 762). Whether the officer actually knew of the existence of a pending charge presents a question of fact *(People v Fuschino,* 59 NY2d 91, 99, *supra).* Here, Zullo testified at the suppression hearing that he was not aware of defendant's prior arrest and defendant offered no evidence to the contrary *(see, People v Fuschino,* 87 AD2d 716, 717, *supra).* It may not be assumed, as defendant asserts, that Zullo must have overlooked the obvious merely because defendant was arrested by the same police department one month earlier *(see, People v Sanchez, supra).*

Defendant's claim that his mother's request for an attorney invoked his right to the assistance of counsel and precluded his waiver of that right outside of an attorney's presence is similarly unavailing. The suppression court's finding, based upon the credibility of the witnesses, was to the effect that defendant confessed before his mother made her request. Zullo testified that defendant signed his confession between 3:56 A.M. and 4:01 A.M. on the day of the incident. Defendant's

mother testified that she arrived at the Cohoes police station at 3:30 A.M. and immediately requested that her son not be interrogated without an attorney present. She further stated that she was sure of the time because there was a clock on the wall in the waiting area of the station. However, Desk Sergeant Patrick Abrams testified that defendant's mother arrived, as entered in the station log book, at 4:01 A.M. and that there was no clock visible to persons in the waiting room. We are reluctant to overturn findings based upon the credibility of witnesses (see, People v Hartley, 103 AD2d 935, 936, affd 65 NY2d 703; People v Close, 90 AD2d 562, 564). Accordingly, we defer to the decision of the suppression court which was in a better position to assess the evidence and the credibility of witnesses than a reviewing court.

Regarding defendant's claim that his guilty plea was not voluntarily and knowingly made, that issue was not preserved for review since defendant failed to move to vacate the plea before County Court (see, People v Pascale, 48 NY2d 997, 998; People v Bell, 47 NY2d 839, 840; People v Warren, 47 NY2d 740, 741; People v Conway, 117 AD2d 932). Even were we to consider the issue, a reversal in the interest of justice is not warranted on the record presented. Defendant maintains that he was not made aware, prior to entering his plea, that intent to cause death is an essential element of the crime of murder in the second degree. However, the record belies defendant's assertions. During his lengthy plea colloquy, defendant stated to County Court that he intended to teach the victim a lesson but did not intend to kill him. At that point, defendant was informed that intent to cause death is a requisite element of murder in the second degree. The court instructed defendant on the full ramifications of his plea and told him that he might raise certain defenses if he went to trial. Defendant was further told that if the jury did not believe that he intended to kill the victim, they might find him guilty of manslaughter in the first degree, requiring an intent to cause serious physical injury, or manslaughter in the second degree, requiring a determination that he acted recklessly and thus caused the victim's death. Defendant then stated that he was guilty of murder in the second degree and that he wanted to enter a plea in order to avoid a trial on all six counts contained in the indictment. Thus, the record shows that defendant had adequate notice of all essential elements of the charge and fully understood the consequences of his plea (see, People v Biauce, 55 AD2d 692).

Defendant's remaining claim, that his sentence was harsh

and excessive, is without merit. Defendant agreed to the sentence imposed as part of an advantageous plea bargain whereby he was permitted to plead guilty to murder in the second degree in full satisfaction of a six-count indictment (see, People v Santana, 104 AD2d 677, 678). The sentence imposed was within the statutory limits (see, Penal Law § 70.00 [2] [a]; [3] [a] [i]), and there has been no showing of extraordinary circumstances or an abuse of discretion by the sentencing court (see, People v Whiting, 89 AD2d 694).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.