■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE RIZZO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 23, 1985, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In February 1985, police monitored a purchase by a confidential informant of cocaine from defendant. Based on this and other information about defendant learned through police investigation, a search warrant was issued authorizing the search of defendant's person, his automobile and his residence. The search produced a variety of inculpatory evidence. Defendant was thereafter indicted for the crimes of criminal sale of

a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Defendant moved to suppress the evidence seized pursuant to the search warrant. Following a hearing, the motion was denied. Defendant then pleaded guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of the charges against him. Defendant was sentenced to 1½ to 4½ years' imprisonment. This appeal ensued.

Defendant's contention that the search warrant was not supported by probable cause is devoid of merit. Defendant attempts to confuse the issue by arguing that the veracity and reliability of the confidential informant were not adequately established under the *Aguilar-Spinelli* test *(see, People v Bigelow,* 66 NY2d 417, 423). Unlike *Aguilar* and *Spinelli,* the affiant in this case was not merely repeating information provided by a confidential informant. The police officer who alleged facts in support of the search warrant had electronically monitored or taped four telephone conversations and a cocaine transaction between the informant and defendant. The officer set forth the relevant information from the taped conversations and cocaine transaction in the application for the search warrant. It is clear that the officer had personal knowledge of facts acquired through independent investigation of defendant which provided a sufficient basis to establish the probable cause necessary for the search warrant.

We are likewise unpersuaded by defendant's contention that the police officers' actions violated the spirit of *People v Samuels* (49 NY2d 218). In *Samuels,* the Court of Appeals held that a defendant cannot waive his rights in the absence of counsel after a felony complaint has been filed in court. Here, no felony complaint had been filed or arrest warrant issued against defendant prior to his arrest nor were police under an affirmative duty to proceed in that manner *(see, United States v Levy,* 731 F2d 997, 1001). Accordingly, County Court properly denied defendant's motion to suppress statements given by defendant to the police after he had been informed of his *Miranda* rights.

Lastly, defendant asks that his sentence be reduced in the interest of justice. Defendant relies heavily upon a favorable presentence report which recommended probation. Although the actual sentence imposed was greater than that recommended in the presentence report, defendant did receive considerably less than the maximum for which he could have been sentenced. Further, at the time of defendant's plea, he was informed of the potential sentence which might be im-

posed and accepted it as part of an advantageous plea bargain *(see, People v Quick,* 122 AD2d 296, 299). We conclude that defendant has not shown an abuse of discretion by the sentencing court or that his situation presents such extraordinary circumstances to justify a reduction of his sentence *(see, People v Mabry,* 101 AD2d 961, 963).

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.