■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STANLEY GALLIMORE, Respondent.—Appeal by the People, as

limited by their brief, from so much of an order of the County Court, Westchester County (Nicolai, J.), dated April 18, 1986, as granted those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, that branch of the defendant's motion which was to suppress physical evidence is denied, and the matter is remitted to the County Court, Westchester County, for further proceedings in accordance with the following memorandum.

On November 9, 1985, the police executed a search warrant, which had been signed by a County Court Judge on the previous day, at the premises located at 9 Minerva Place, White Plains, New York. The affidavit which had been submitted in support of the application for this warrant contained allegations that a confidential informant had stated that the defendant was "running a policy operation from his home, 9 Minerva Place". This same source also informed the police that the defendant was "accepting policy wagers over a telephone which is located in the basement of the Corner Cafe".

These hearsay allegations were verified by further police investigation. The criminal investigator whose affidavit was submitted in support of the application for this warrant averred that on two separate occasions he personally listened as this informant engaged in two telephone conversations with someone answering to the name of "Stanley". During these telephone conversations with "Stanley", illegal wagers were placed by the informant. The first such telephone conversation occurred after the informant dialed a number listed to "Stanley Gallimore, 112 Oakley Ave", at which the Corner Cafe was located, and the second such conversation occurred after the informant had dialed a number listed to "Stanley Gallimore" at 9 Minerva Place. Numerous other aspects of the informant's story were similarly confirmed. It also bears mention that the defendant had an extensive arrest record relating to gambling offenses.

Under the circumstances, the court erred in granting the defendant's motion to controvert the search warrant. The affidavit submitted in support of the application for a warrant contained more than enough information to convince a neutral Magistrate that there was probable cause to believe that the defendant operated an illegal gambling business, both from his home and from the Corner Cafe. The affidavit in-

cluded not only hearsay allegations, but also statements based on the personal knowledge of the affiant, who actually *heard* a person, who could obviously have been inferred to be the defendant, accepting illegal wagers over the phone at the premises to be searched. For this reason, the cases relied upon by the defendant *(e.g., Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *People v Wirchansky,* 41 NY2d 130; *People v Griminger,* 127 AD2d 74, *lv granted* 70 NY2d 647) are readily distinguishable. In the present case "the affiant * * * was not merely repeating information provided by a confidential informant" *(People v Rizzo,* 126 AD2d 909, 910).

The court also erred in summarily granting that branch of the defendant's omnibus motion which was to suppress statements on the basis that they were allegedly obtained as the result of the supposedly illegal search. The order under review is accordingly reversed insofar as appealed from, and the matter is remitted for a suppression hearing on the remaining issues raised in the defendant's omnibus motion. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.