OPINION OF THE COURT
Jasen, J.
We are asked to decide whether the actual knowledge of one police department that the defendant was represented on a prior unrelated criminal charge that was still pending *95 constructively imputes such knowledge to another separate police department for the purpose of invoking the defendant’s right to counsel. A subsidiary issue is whether the police acted in a manner which isolated the defendant to the extent that he was deprived of his right to counsel.
Between August of 1979 and January of 1980, a former classmate of the defendant received 10 threatening letters signed with the defendant’s name. Two of the letters contained small kitchen knives. Her family, concerned because she had previously received harassing telephone calls which they believed came from the defendant, intercepted the letters and turned them over to the State Police. A laboratory analysis conducted by the State Police revealed defendant’s fingerprint on one of the letters. On the basis of this evidence, Trooper Hills, of the New York State Police, requested the Ballston Spa Village Police to bring the defendant to their headquarters. When they did so, Trooper Hills arrested the defendant for aggravated harassment. The defendant was fully advised of his constitutional rights, but did not request an attorney. He did, however, ask both the village and State Police if he could call his mother. The village police told him that the State Police would take care of his request. Trooper Hills testified that he told the defendant he would be allowed to make the call when they reached the State Police barracks. He also testified at the trial that he thought defendant had made his telephone call because he was seated in the interrogation room at a desk with a telephone on it and because defendant’s parents arrived a short time later.
After stating that he did not want an attorney, defendant was questioned for approximately 45 minutes. He admitted sending the letters and a typed confession was prepared. Defendant signed the confession after reading it and adding, in his own handwriting, the explanation that “[i]f she didn’t talk to me the physical threats would then occur”. The State Police then proceeded to process the defendant and took him almost immediately for arraignment. His attorney was present at the arraignment.
Subsequently, the defendant sought to suppress his confession on the ground that it was obtained in violation of his right to counsel because the arresting and interrogat *96 ing officers had either actual or constructive knowledge that defendant was represented by an attorney in a pending unrelated criminal charge. Additionally, defendant argued that the failure to give him the opportunity to call his mother as requested of both police departments constituted an independent denial of his right to counsel.
At the hearing, Trooper Hills was questioned concerning his knowledge of any prior arrests of the defendant. He testified that in October, 1978 he had arrested the defendant on charges of harassment stemming from incidents between defendant and a classmate of the defendant at the high school, but that it was his understanding that those charges had been dismissed. When asked if the Ballston Spa police had informed him that they had arrested the defendant in December, 1979, he testified that he was uncertain whether he knew at the time of the arrest about the December charge, but that he had no knowledge that defendant was represented by counsel. The only affirmative piece of information he could recall being given by the local police was merely a general indication that problems continued to exist between the defendant and the victim’s family.
Following the hearing, the motion to suppress was denied in all respects. The Judge found that the defendant had been advised of his rights and had voluntarily waived those rights, after which he made his statement. He also found that the defendant advised the Ballston Spa Police Chief and State Police Trooper Hills that he wanted an opportunity to call his parents and that the failure of the police agencies to abide by that request could constitute an infringement on defendant’s right to counsel; but that on the totality of the circumstances in this case, it was clear that the defendant knew of his right to legal representation and did not at any time advise the police that he wanted to be represented by an attorney. Because the defendant had an attorney in another matter and familiarity with the legal system, the Judge ruled that his request to call his parents could not be interpreted as the equivalent of a request to call his attorney.
At the trial, testimony was given by members of both families concerning various incidents allegedly constituí *97 ing harassment, both of and by the defendant. Trooper Hills testified that he had no knowledge of either the defendant’s arrest the previous December or that he was represented by an attorney. He also adhered to his previous testimony that he believed the charges brought after his October, 1978 arrest of the defendant had been dismissed. Defendant was convicted of 10 counts of aggravated harassment and sentenced to three years’ probation.
On appeal, defendant contended that the conduct of the State Police violated his right to counsel and a reversal was thus required. Defendant’s assertions were based on several theories: First, that Trooper Hills and the officer who conducted the interrogation both knew of the 1978 charge and were thus under a duty to inquire if the charge was still pending and whether the defendant was represented by counsel; secondly, defendant contended that since the State Police requested the aid of the local police in arresting the defendant, that the State Police either had actual knowledge of the December, 1979 charge or such knowledge should be imputed to them because they made an effort to insulate themselves from the information which would have put them under an affirmative duty to inquire as to whether or not the defendant was represented by counsel. The defendant also argued that the refusal of the police to allow him to call his mother constituted an infringement on his constitutional right to an attorney.
 The Appellate Division found that there was no basis to conclude that either officer had personal knowledge of the prior, pending charge. On the defendant’s theory that this knowledge should be imputed to the State Police because of the actual knowledge the local police had, the court stated: “Defendant’s reliance on People v Bartolomeo (53 NY2d 225) is misplaced. Here, unlike in Bartolomeo, the interrogating officers did not possess actual knowledge of defendant’s prior arrest on the unrelated charge and they cannot be said to have deliberately insulated themselves from such knowledge (see People v Servidio, 54 NY2d 951)” (People v Fuschino, 87 AD2d 716, 717.) As to defendant’s contention that he was denied his right to counsel when the police did not permit him to call his mother, the Appellate Division held that as a matter of law *98 the police are not required to interpret such a request as the equivalent of a request for counsel and that since the “record [did] not show that the police intentionally deprived defendant of access to his family in an effort to obtain a confession”, no violation of the defendant’s right to counsel can be inferred. (People v Fuschino, supra, at p 717.) Thus, the Appellate Division concluded, since defendant had not requested an attorney and the police had no knowledge that the defendant had counsel and no obligation to interpret his request to call his mother as a request for legal assistance, there was no violation of defendant’s right to counsel. We agree.
When a defendant’s right to counsel has attached in a prior, unrelated charge, and the police know that it has attached, they may not question the defendant without his attorney being present. (People v Rogers, 48 NY2d 167.) They are further obligated if they have actual knowledge that defendant has prior, unrelated charges still pending against him to inquire whether defendant has counsel in that case. (People v Bartolomeo, 53 NY2d 225.) If they fail to inquire, the police are “chargeable with what such an inquiry would have disclosed.” (People v Bartolomeo, supra, at p 232; People v Kazmarick, 52 NY2d 322.) Thus, to decide this appeal, we must determine whether the State Police had actual knowledge that defendant was represented by counsel in a pending unrelated matter or that they had actual knowledge of the pending charges against defendant so that they were under an affirmative duty to inquire as to whether or not defendant was represented by counsel. (People v Smith, 54 NY2d 954; People v Servidio, 54 NY2d 951.)
The Appellate Division correctly determined that the testimony of both the arresting officer and the interrogating officer indicated that they had no knowledge of the charge brought against the defendant by the Ballston Spa police the previous month. Absent some actual knowledge on their part that the charge had been brought, they were under no obligation to inquire as to whether the defendant was represented by counsel. Likewise, their reasonable and well-founded belief that the 1978 charges against the defendant had been dismissed put them under no obliga *99 tion to inquire. Moreover, even if they had been under an obligation to inquire, the police are only chargeable with the knowledge they would have obtained had they made the inquiry. In this case, the inquiry would have confirmed their belief that the 1978 charges were disposed of and that an attorney was no longer involved.
Nor can we say that because the local police had knowledge that there was a prior, pending charge on which the defendant was represented by counsel, the State Police had such knowledge. Actual knowledge of one police agency will not be constructively imputed to another unless the two agencies are working so closely that it can be deemed a joint investigation or the evidence shows an intent to evade the limitations to which interrogation by the police agency having actual knowledge would be subject.
This is not to say that we would condone a deliberate and concerted effort on the part of the police to insulate themselves from the knowledge that the defendant was represented by counsel. Indeed, in People v Knapp (57 NY2d 161), we held that all police agencies working together in an on-going investigation were charged with knowing that the defendant’s attorney had instructed the local police that all questioning be done only in his presence. Moreover, we held that the police could not do surreptitiously by the use of an agent what the right to counsel barred them from doing directly. Thus, in this case, only if the evidence demonstrated a joint investigation or subterfuge would the limitations imposed by the local police department’s knowledge of defendant’s prior, pending charge be imputed to the State Police.
It should be made clear that the issue of the officer’s knowledge is basically a question of fact: Whether on the evidence presented the various police agencies were working so closely that all had the same actual knowledge or notice or the officers did, in fact, know defendant’s right to counsel had attached. Neither court below having found that a joint investigation was in progress or that the officers had, at the time of the questioning, any actual knowledge or notice of the prior charge, there is no basis for this court to conclude, as a matter of law, that the *100 statements made by the defendant to the arresting officer were obtained in violation of the defendant’s right to counsel.
Likewise, we find no violation of the defendant’s right to counsel in the failure of the State Police to comply with this 19-year-old defendant’s request to call his mother. Absent evidence that the police intentionally deprived the defendant of access to his family in an effort to bar his exercise of his right to counsel and to obtain a confession, there is no infringement on the defendant’s rights. (People v Casassa, 49 NY2d 668, cert den 449 US 842.) We agree with the Appellate Division that defendant’s request to speak with his mother is not the legal equivalent of a request to exercise the constitutionally protected right to an attorney’s advice and counsel. Although a parent or family member may obtain legal representation for the defendant, the request to speak with a family member does not give the police sufficient notice that the defendant is invoking his right to counsel. Without indication that the defendant has need for an attorney, or that an attorney has entered the proceeding, the police are not under a duty to refrain from questioning the defendant without the attorney being present. A request to call a parent is not sufficient indication that an attorney is desired.
This is not to say that a pattern of isolation and trickery designed to keep the defendant from obtaining counsel will be condoned by this court. In People v Bevilacqua (45 NY2d 508), we ordered the defendant’s conviction reversed because the police conduct evidenced an intent to isolate the defendant from all sources of help, including his family. But of greater significance in that case was the fact that the defendant’s lawyer was attempting to gain access to his client throughout the course of the interrogation and was being deliberately misled by the police in order to deny the defendant the benefits of his right to counsel.
There having been no violation of the defendant’s right to counsel, the order of the Appellate Division should be affirmed.
*101 Chief Judge Cooke and Judges Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed.