■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD J. RILEY, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 9, 1982, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree. Defendant's convictions stemmed from the October 12, 1981 burglary of an apartment in the City of Watervliet. A codefendant, Robert Pitcher, implicated defendant in the crime when he provided police with a signed statement recounting details of the burglary. On November 27, 1981, within hours of this confession, two Watervliet policemen with the assistance of a uniformed City of Troy officer proceeded, without a warrant, to the apartment of the mother of defendant's girlfriend where they arrested defendant. Shortly after his arrest,

defendant waived his right to counsel and confessed. On appeal, it is urged that probable cause for the arrest was lacking, and further that defendant's confession should have been suppressed for his right to counsel had been breached. The suppression court did not err in finding that there was probable cause to arrest defendant. Here, Pitcher gave a signed and detailed statement that he and defendant had burglarized the apartment. Furthermore, a tenant living above the burglarized apartment had informed the police that he had seen two men leave the apartment on the afternoon of the burglary. This information was ample to establish probable cause. As for the contention that because Pitcher was an accomplice his uncorroborated statement cannot sustain defendant's arrest, we note that the accomplice-corroboration rule of CPL 60.22 applies only to convictions and not to determinations of probable cause (*People v Bartolomeo,* 53 NY2d 225, 235). Nor do we perceive any impropriety in the police's warrantless entry into the apartment of the mother of defendant's girlfriend for purposes of effecting the arrest. The girlfriend, a 17 year old who testified at the suppression hearing that she and defendant were staying in the apartment at the time and that she currently lives in the apartment, answered the door when the police knocked. They asked whether defendant was in the apartment; she replied affirmatively and went down the hallway to get defendant who was apparently sleeping in a bedroom. The officers testified that she swung the door wide open before walking down the hallway and did nothing to indicate that their presence on the premises was unwelcome, nor did she admonish them to remain outside; she stated, however, that she attempted to close the door and asked the officers to "wait a minute". The police then entered the apartment and made the arrest. In crediting the police account, the court regarded the girl's actions as consenting to the officers' entry. We observe nothing in the record to justify disturbing this finding based, as it is, on an assessment of the witnesses' credibility (*People v Fudge,* 58 AD2d 952). Additionally, the court properly determined that the girl was capable of consenting to the entry (see *People v Cosme,* 48 NY2d 286, 292; *People v Van Buren,* 87 AD2d 900). The theory underlying defendant's claim that his right to counsel was violated is that the arresting officers were informed or should have been aware that defendant had been indicted for an unrelated November, 1980 burglary in Rensselaer County. Nothing in the record indicates actual awareness by the police of this earlier charge; the Troy police officer denied knowledge of it and there was no evidence that the Watervliet police had been apprised of any pending charge. Absent actual notice of the prior charge, there was no basis to infer previous representation by counsel and once defendant waived his right to an attorney the officers were at liberty to take his statement (*People v Fuschino,* 59 NY2d 91). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.