■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER BRUCE ROBARE, JR., Appellant. — Appeal from a judgment of the County Court of Essex County (Plumadore, J.), rendered October 22, 1981, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny. The judgment should be affirmed. Defendant's contention that his motion to suppress statements made by him to the police should have been granted is without merit. Defendant's argument that his July 19, 1980 statement violated his right to counsel, since at the time of the statement he was represented by counsel on an unrelated pending charge, is not persuasive. The motion to suppress was made on agreed facts and the record clearly demonstrates that defendant was not represented by counsel on the prior unrelated charge when he gave the statements. It was not until October, 1980 that defendant obtained counsel on the earlier charge. Although the filing of an accusatory statement may trigger a defendant's right to counsel, that right does not "indelibly" attach until defendant is in fact represented by counsel (*People v Kazmarick*, 52 NY2d 322, 328). Defendant's argument that the police had a duty to inquire as to whether he was represented on the pending unrelated charge is also without merit on these facts. "[T]he police are only chargeable with the knowledge they would have obtained had they made the inquiry" (*People v Fuschino*, 59 NY2d 91, 99). The inquiry here would have been fruitless. Moreover, defendant said he did not want counsel at the time. Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ANTHONY BRITELLI, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered May 19, 1982, which revoked defendant's probation and imposed a sentence of imprisonment. Judgment affirmed (see *People ex rel. Flores v Dalsheim*, 66 AD2d 381). Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.