*931
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 In April, 1978, defendant cut his stepdaughter’s face during an argument. On July 25, 1978, defendant was indicted for assault and released on bail. He was represented by counsel.
 

 In late August, 1979, the Nassau County District Attorney’s office referred a complaint against defendant to the county police. The complaint accused defendant of sexually abusing his seven-year-old stepdaughter. Although the same District Attorney’s office was prosecuting the 1978 assault charge, with respect to which the District Attorney knew defendant was represented by an attorney, the police were not informed that defendant was represented by counsel.
 

 Two officers went to defendant’s home, where he met them outside and agreed to accompany them to the police station. Defendant subsequently made admissions and signed a confession.
 

 Defendant moved to suppress his inculpatory statements on the ground that his waiver of counsel in the absence of counsel was ineffective because he was already represented on the pending unrelated charge (see
 
 People v Rogers,
 
 48 NY2d 167). County Court denied the motion. Defendant pleaded guilty to rape in the second degree and sexual abuse in the second degree.
 

 There is no claim here that the police had actual knowledge of the pending charge or of defendant’s representation by counsel on the 1978 charge when they interrogated him in 1979. Defendant argues that the knowledge attributable to the District Attorney’s office should be imputed to the police officers. On the facts of this case, this is unpersuasive.
 

 Defendant’s pending indictment was 13 months old when the new complaint was filed. There is no evidence that whoever handled the new complaint in the District Attorney’s office was personally aware of the pending charge or that there was any attempt to insulate its personnel or the police from such knowledge. Nor can it be
 
 *932
 
 said that the prosecutor’s cooperation with the police at this point was so extensive as to render the matter a joint investigation. Under the circumstances, there was no basis for imputing knowledge of defendant’s representation from the District Attorney’s office to the police officers (see
 
 People v Fuschino,
 
 59 NY2d 91;
 
 People v Servidlo,
 
 54 NY2d 951).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed in a memorandum.