■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK W. MILES, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 3, 1983, upon a verdict convicting defendant of the crimes of murder in the second degree (one count), robbery in the first degree (two counts), burglary in the first degree (one count) and burglary in the second degree (one count).

Defendant was arrested at about 10:30 P.M. on February 12, 1983 at the Tiger Roller Rink in Ulster County for murder, committed in the course of burglary and robbery of Christos Stavrinou, age 76. Although the investigation of the crimes was being conducted by the New York State Police, the arresting officer, Investigator Leonard Kasson of that department, apparently requested Detective Michael Andrews of the Ulster County Sheriff's office to accompany him in making the arrest. During the previous summer, this detective had investigated and charged defendant in an accusatory instrument with two unrelated burglaries. These charges were still pending at the time of defendant's arrest on the murder and its related crimes. An attorney, named Jeremiah Flaherty, represented defendant on the unrelated burglary charges and testified at the suppression hearing, conducted in respect to the murder, that he was not informed of defendant's arrest on that charge prior to the taking of oral and written statements from defendant, even though Detective Andrews had previously discussed the prior burglary charges with him and, therefore, knew of their pendency. State Police Investigators Kasson and Craig Bremmer denied having been told or knowing about the pending burglary charges or defendant's representation by counsel thereon at the time they questioned defendant about the murder. Although Investigator Kasson testified that the murder investigation was conducted by the State Police, he admitted the assistance of the Sheriff's department.

The suppression court ruled defendant's statements admissible upon a finding that the State Police investigators lacked knowledge of the pending burglary charges and of defendant's representation by counsel thereon (*People v Riley*, 95 AD2d 926), concluding that, therefore, defendant's waiver of his *Miranda* rights suffered from no legal infirmity based on deprivation of his right to counsel under *People v Rogers* (48 NY2d 167).

We do not agree that the issue of the effectiveness of defendant's waiver of his *Miranda* rights can be so premised under

these circumstances. Due to the participation by Detective Andrews of the Sheriff's department herein, at least at the time of defendant's arrest, a determination is required regarding whether his undisputed knowledge of the prior pending charges of burglary and defendant's representation by counsel thereon is imputable to the State Police Investigators, which would require the suppression of defendant's statements for his attempted waiver of his *Miranda* rights without the actual presence of his attorney. The rule in regard to the imputation of the knowledge of counsel's representation on unrelated charges by one police agency to another was stated in *People v Fuschino* (59 NY2d 91, 99), where it was said that "[a]ctual knowledge of one police agency will not be constructively imputed to another unless the two agencies are working so closely that it can be deemed a joint investigation or the evidence shows an intent to evade the limitations to which interrogation by the police agency having actual knowledge would be subject".

In this case, there has been no finding by the suppression court as to whether the State Police and the Sheriff's department, through Detective Andrews, were working so closely in the murder investigation as to deem it joint, which would constructively impute the knowledge of Detective Andrews to the State Police, or whether there was an intent to evade the limitations to which the knowledge of Detective Andrews would subject the investigation of the State Police. In this regard, there is no finding as to the extent and degree of the assistance given the State Police by Detective Andrews. The record shows only that he accompanied the State Police at the time of defendant's arrest. Whether that was for identification of defendant only or what further participation he engaged in, if any, does not appear. Nor does it appear whether Detective Andrews attended defendant's interrogation or advised the State Police in regard thereto. In the absence of such a determination, the decision on this appeal should be withheld and the matter remitted to the trial court for a hearing and appropriate findings on this issue.

Decision withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.