■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WHITE, JR., Appellant. — Appeal by defendant from a judgment of the Supreme Court, Nassau County (Lawrence, J.), rendered September 8, 1982, convicting him of burglary in the second degree (two counts), robbery in the third degree (two counts), rape in the first degree, petit larceny, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Samenga, J.), of that branch of defendant's motion which sought suppression of physical evidence.

Judgment affirmed.

On two separate occasions, defendant and his cohort, Kenneth Grant, selected a house at random, broke in during the night, tied the occupants to their beds, and proceeded to steal various items, as well as the owners' cars in order to transport their bounty. On one of these occasions, both defendant and Grant were accused of raping their woman victim as she lay tied to her bed. Grant pleaded guilty, and his conviction has been affirmed by this court (*People v Grant,* 99 AD2d 536).

Defendant does not raise for our review any question concerning the adequacy of his trial; rather, he argues that the hearing court should have granted that branch of his motion which was to suppress physical evidence. The evidence sought to be suppressed consisted of clothing and a wrist watch worn by defendant at the time of his arrest. Defendant contends that the police lacked probable cause to arrest him and that, therefore, this confiscated evidence should have been suppressed as the "poisonous fruit" of his unlawful arrest. We disagree.

The information which led the police to defendant consisted of a series of statements made to the police by his cohort, Grant, in which defendant was directly implicated in a pattern of criminal activity. On the basis of those statements, defendant was brought into the precinct house for questioning, was observed wearing articles of clothing and a wrist watch which matched those reported stolen by one of the complainants of one of the

robberies, and was subsequently arrested and charged with those crimes.

It is well settled that the statement of an accomplice which implicates another in criminal activity provides the police with probable cause to arrest that other individual (*People v Berzups,* 49 NY2d 417; *People v Thomas,* 103 AD2d 854; *People v Riley,* 95 AD2d 926). The statements of Kenneth Grant detailed both his and defendant's participation in the crimes under investigation. Those statements provided the officers with probable cause for defendant's arrest. Since the police could lawfully arrest defendant based solely upon Grant's statements, the evidence confiscated from defendant at the precinct house was legally obtained, and it was proper to deny that branch of defendant's motion which sought suppression of physical evidence.

We have examined defendant's other claims and find them to be without merit. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.