■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK W. MILES, Appellant.—Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 3, 1983, upon a verdict convicting defendant of the crimes of murder in the second degree (one count), robbery in the first degree (two counts), burglary in the first degree (one count) and burglary in the second degree (one count).

On appeal from the judgment of conviction, this court previously withheld decision and remitted the matter to the trial court for a hearing and appropriate findings on the issue of whether the State Police and the Sheriff's Department of Ulster County, through Detective Michael Andrews, were working so closely in the investigation of the underlying crimes as to deem it a joint investigation (106 AD2d 822). If so

---

found, the knowledge of Detective Andrews of defendants' representation by counsel on a prior unrelated charge of burglary would have to be imputed to the State Police, rendering defendant's statement, taken in the absence of his counsel, inadmissible. Remittal was further required to determine if there was an intent to evade the limitations to which interrogation by the Sheriff's Department, having actual knowledge of the representation on the prior charge, would be subject (*see, People v Fuschino,* 59 NY2d 91, 99).

Pursuant to our prior decision, the hearing has now been held and findings of fact have been made in regard to these issues. It was determined by the hearing court on the evidence presented that it could not be concluded that Detective Andrews or the Sheriff's Department became an integral part of the investigation in this case; that the State Police had complete charge of the investigation; and that the role of the Sheriff's Department was merely assistive and not so extensive as to render the matter of joint investigation requiring the imputation to the State Police of knowledge of defendant's representation from the Sheriff's Department. In this regard, we find the conclusions of the hearings court amply supported by the evidence and affirm such findings (*see, People v Cunningham,* 60 NY2d 930).

We also agree that a finding of incredibility as to the testimony of defendant's relatives in regard to the actual knowledge of defendant's representation, allegedly told by the relatives to the State Police, was warranted by the evidence. Defendant does not claim that there was an intent to evade the limitations to which interrogation by the Sheriff's Department would be subject by virtue of Detective Andrews' participation in the prior charge.

Lacking direct knowledge of defendant's representation by counsel on a prior unrelated charge and having the sole responsibility of defendant's investigation, the State Police were not subject to the imputation of such knowledge. Therefore, the determination of the hearing court that defendant was not deprived of any constitutional right afforded by *People v Rogers* (48 NY2d 167) and *People v Bartolomeo* (53 NY2d 225) is appropriate and affirmed.

We have examined the other errors urged by defendant for reversal, including his claim of repugnancy of the verdicts, and find them to be inconsequential. Accordingly, the judgment of conviction should be affirmed in all respects.

Judgment affirmed. Mahoney, P. J., Kane, Casey and Har-

vey, JJ., concur; Levine, J., dissents and votes to reverse in the following memorandum.

Levine, J. (dissenting). I am unable to agree that the evidence at the postremittal hearing afforded a basis for the hearing court to conclude that this murder case was not being jointly investigated by the State Police and the Ulster County Sheriff's Department. The uncontested evidence, from the testimony of State Police officers, Sheriff's Detective Michael Andrews and documents consisting of contemporaneous reports of the investigation made by members of each department establish that (1) the Sheriff's Department was the agency first called to the murder site and members of that department initially secured the premises, took possession of the crime scene evidence and interviewed neighbors to identify potential witnesses; (2) Detective Andrews participated in the stake-out of the residence of defendant's brother, the other prime suspect in the killing, and in his arrest when he appeared on the scene; (3) Sheriff's Detective Stephan Weishaupt participated in the interviewing and eventual taking of the statement from Melody Lange, a companion of the Miles brothers immediately before and after the murder took place, whose testimony at the trial was extremely crucial in incriminating both perpetrators; (4) Detective Andrews interrogated and succeeded in obtaining a statement from defendant's sister, Tina, who was also a witness for the prosecution at the trial; and (5) some of the evidence in the case was kept in the custody of the Sheriff's Department.

As the foregoing conclusively demonstrates, the Ulster County Sheriff's Department's role in the murder investigation was not merely a pro forma one of only assisting the State Police in effecting an arrest for a crime committed within the local police agency's jurisdiction, as in *People v Fuschino* (59 NY2d 91), nor was the Sheriff's Department merely the conduit for referral of a criminal complaint for investigation to the responsible police agency, as was the District Attorney's office in *People v Cunningham* (60 NY2d 930.) Here, members of the Sheriff's Department were actively participating in every phase of the investigation, including the gathering and preserving of evidence, ascertaining the identity of potential witnesses, participating in the arrests of both suspects and taking statements from key witnesses. Detective Andrews, who was on actual notice of defendant's prior burglary charge and was also actually involved in defendant's arrest, admitted his full engagement in the investigation in conjunction with the State Police:

"Q. Is it fair to state that you were working close with the State Police?

"A. Yes, sir.

"Q. On and off throughout the day you were given directives or requests by BCI officers?

"A. Yes, sir."

The contrary conclusion reached by the hearing court was based on testimony that the "policy" of the Ulster County Sheriff's Department in suspected homicide cases was basically to turn the entire matter over to the State Police, and that State Police officers were "in complete charge" of the investigation. Quite obviously on the uncontested proof, the "policy" of the Sheriff's Department to abdicate responsibility for such investigations to the State Police was not followed here. Nor should defendant's constitutional right to counsel turn on artificial distinctions concerning which agency was "in charge" of the investigation. The undeniable fact here is that officers of the Sheriff's Department were working interchangeably with State Police personnel in all substantive aspects of this investigation. Presumably, one department also had the primary responsibility of directing and coordinating the investigations in the joint State/local police investigations in *People v Knapp* (57 NY2d 161, *cert denied* 462 US 1106) and *People v Weinman* (90 AD2d 220), since orderly and effective procedures would require a single agency to play the lead role. In both cases, however, it was held sufficient that the two agencies were "working in close co-operation" (*People v Weinman, supra,* p 225) or were in a "co-ordinated task force" (*People v Knapp, supra,* p 175) for actual knowledge of the entry of counsel to be imputed from one agency to the other.

Since the evidence at the hearing established, as a matter of law, that this was a joint investigation by the State Police and Ulster County Sheriff's Department, i.e., that the investigation was being conducted through a coordinated effort and with full active participation by both agencies, I would reverse defendant's conviction and remit for a new trial.