■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDNA JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, relying on *People v Rogers* (48 NY2d 167) and *People v Bartolomeo* (53 NY2d 225), claims that her right to counsel was violated when she was interrogated in the absence of the attorney who represented her on a pending, unrelated criminal charge. At the *Huntley* hearing, two detectives involved with defendant's interrogation denied that they had any knowledge of any other pending, unrelated charges against defendant or that she was represented by counsel on such prior, unrelated charge until after they had taken a written statement from her in connection with the instant charges. Since the hearing court was in the best position to determine the relative credibility of the witnesses, much weight must be given to its findings on the issue of lack of actual knowledge *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Treadwell,* 115 AD2d 329). Where the police do not actually know that earlier charges are still pending, there is no warrant for imputing constructive knowledge that the suspect has legal counsel absent some measure of bad faith on their part *(People v Bertolo,* 65 NY2d 111, 120; *see, People v Lucarano,* 61 NY2d 138, 145; *People v Fuschino,* 59 NY2d 91, 99; *People v Servidio,* 54 NY2d 951, 953). Under the circumstances presented in this record, we find that the police conducted their questioning in good faith and with due regard for defendant's rights and that there is no basis for imputing such knowledge to the police, even though the prior, unrelated charge was pending in the same police department where the interrogation occurred *(see, People v Bertolo, supra,* p 120; *People v Fuschino, supra; People v Servidio, supra; People v Sanchez,* 109 AD2d 761, 762). (Appeal from judgment of Erie County Court, Dillon, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Denman, Green and O'Donnell, JJ.