■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), entered December 7, 1982, convicting him of burglary in the first degree and murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

On June 9, 1981, the defendant and two accomplices broke into the home of a 90-year-old, legally blind man. While they were burglarizing the apartment, one of the three put a belt around the victim's neck and strangled him to death. Approximately nine days later, the 18-year-old defendant was arrested and thereafter made a statement to police and an Assistant District Attorney implicating himself in the burglary and in the victim's death.

He claims that the police violated his right to counsel when they did not allow him to contact his family. "Absent evidence that the police intentionally deprived the defendant of access to his family in an effort to bar his exercise of his right to counsel and to obtain a confession, there is no infringement on the defendant's rights" (People v Fuschino, 59 NY2d 91, 100). There is no evidence in the record to demonstrate that the defendant was deprived of access to his family. Indeed, when the defendant was seized, police told his sister that he was being arrested. There is no record that the defendant wished to speak with his family. Without any evidence of police misconduct, we must conclude that the defendant's claim is without merit.

The defendant further contends that the People failed to disprove his affirmative defenses to felony murder (Penal Law § 125.25 [3] [a]-[d]). Viewing the evidence adduced at the trial in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to disprove the claimed defenses and to establish the defendant's guilt. The People proved by the defendant's own statements that he held the victim down while the victim was being tied up and held a pillow over his face in order to muffle his cries. This evidence belies the defendant's claim of lack of intent and participation. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find the sentence to be reasonable in view of the callous nature of the crime and the defendant's criminal history.

We have examined the defendant's other claims of error and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.