■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN FINIZIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 22, 1985, convicting him of murder in the second degree (two counts), robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Absent actual knowledge of an outstanding charge against a defendant, the police are under no obligation to inquire as to whether the defendant is represented by counsel (see, People v Rosa, 65 NY2d 380; People v Bertolo, 65 NY2d 111; People v Cunningham, 60 NY2d 930; People v Fuschino, 59 NY2d 91; People v Ryans, 118 AD2d 741; People v Farinaro, 110 AD2d 653). When police do not actually know that open charges are pending, there is no reason to impute constructive knowledge that the suspect in custody already has legal counsel absent bad faith on their part (see, People v Bertolo, supra; People v Lucarano, 61 NY2d 138).

The record reveals that all the officers who interviewed the defendant or who were present during any interviews stated that the defendant claimed that he had concluded a "problem" in Westchester County which, because of his uncle's

influence, resulted in him being sentenced to probation. Given the defendant's representation that there were no open cases against him and that there had only been one case which was "all taken care of, all over and done with", the police cannot be charged with either actual or constructive knowledge of his representation on two prior matters. Additionally, since the investigation of the current crime was being handled by the Nassau County police and the prior charges were in Queens and Westchester Counties, it cannot be argued that the police displayed bad faith in accepting the defendant's representation that the previous charge had been disposed of (see, People v Barreto, 143 AD2d 920).

Since there is a strong presumption that the jury followed the trial court's instructions (see, People v Mack, 111 AD2d 186), we cannot accept the defendant's vague and unsubstantiated claim that the jury may have disregarded the trial court's numerous admonitions to ignore any media accounts of the matter.

We have examined the defendant's remaining contentions with respect to the charge and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.