■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HARPER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered May 29, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lombardo, J.), of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was charged and tried, with a codefendant, Diana Ortiz *(see, People v Ortiz,* 156 AD2d 396 [decided herewith]), as an accessory in the attempted robbery and felony murder of the victim, Scott Parker. The defendant was struck in the left arm by a bullet in the course of the robbery attempt. At the hospital, after having been advised of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436), the defendant made oral statements and gave a videotaped interview inculpating himself and his accomplices in the attempted robbery and fatal shooting of the victim. All of the defendant's statements were admitted into evidence at trial.

Upon appeal, the defendant argues that his statements should have been suppressed on the ground that they were taken in violation of his right to counsel. Although he has not alleged that the statements were involuntarily made, the defendant asserts that since he had other criminal charges pending against him, for which he had been arrested three weeks prior to the instant offense, and which had arisen in the same police precinct, it was improper for the police to question him in the absence of counsel.

At the *Huntley* hearing, the defendant testified that two detectives who visited him in the hospital had discussed his pending criminal cases with him. However, the hearing court found this testimony incredible and discounted it. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court, which saw and heard the witnesses *(cf., People v Prochilo,* 41 NY2d 759). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

Although the defendant testified that none of the police officers involved in the instant arrest had any connection to his earlier criminal charges and the interrogating detectives denied knowledge of the pendency of other charges against the defendant, he contends that the police should be charged with having had constructive knowledge of these charges and that their questioning, without further inquiry, was therefore improper.

The Court of Appeals has noted, "the mere fact that there are outstanding charges as to which defendant's right to counsel has attached will not preclude questioning on a new charge, unless the police know or have reason to know that defendant is actually represented on the outstanding charges"

*(People v Lucarano,* 61 NY2d 138, 145). Under the facts of this case, we find that the police had no actual knowledge of the pendency of criminal proceedings against this defendant and further find that there is no basis for imputing knowledge thereof to the police personnel who secured the defendant's admissions *(see, People v Fuschino,* 59 NY2d 91, 99; *People v Servidio,* 54 NY2d 951, 952-953). Accordingly, the defendant's statements were not obtained in violation of his right to counsel and suppression was properly denied. Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.