■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BURRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered December 4, 1987, convicting him of attempted robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that the identification made by the complaining witness was not suggestive since the witness knew the defendant prior to the commission of the crime (see, People v Collins, 60 NY2d 214; People v Stevens, 109 AD2d 856, 857). The record reveals that the defendant lived across the street from the complainant for five years prior to the incident and that the complainant had seen the defendant two to four times per week during those five years. In light of the foregoing, the issue of suggestiveness is not relevant (see, People v McNeill, 129 AD2d 818, 819).

The defendant's argument that his statements should have been suppressed because they were taken in violation of his right to counsel is without merit. The record reveals that at the time of his arrest, the defendant had a criminal charge pending against him in Nassau County District Court. When questioned by the detective regarding any pending cases, the defendant responded that all his cases were "finished with". Given the defendant's representation that all of his cases were completed, the police cannot be charged with either actual or constructive knowledge that there was a case pending against the defendant or that he was represented by counsel (see, People v Bertolo, 65 NY2d 111; People v Bartolomeo, 53 NY2d 225; People v Finizia, 150 AD2d 720). In light of the fact that the charge resulting from the prior arrest was reduced to a misdemeanor six months before the present arrest, the fact that both arrests were conducted by the same police department does not necessarily imply knowledge on the part of the investigating officers of this prior arrest. "[R]elatively minor prior offense[s are] less likely to have earned notoriety within a police department" and therefore presumed knowledge of

the prior arrest on the part of the police does not necessarily follow *(People v Bertolo, supra,* at 119).

Finally, the trial court did not err in admitting into evidence two photographs of the complaining witness taken the day after the assault. The photographs tended to prove the physical injury suffered by the complainant in the attempted robbery and assault *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905). As such, the sole purpose of the photographs was not to inflame the jury but to demonstrate the seriousness of the injuries sustained in the attack *(see, People v Bell,* 63 NY2d 796; *People v Hunter,* 131 AD2d 877, 878). Mangano, P. J., Bracken, Kooper and Balletta, JJ., concur.