■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC FENTRESS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered March 3, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the

second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials during the period of July 16, 1980, to July 28, 1980.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in denying that branch of his omnibus motion which was to suppress the statements he made to law enforcement officials between July 16, 1980, and July 28, 1980, is without merit. Those statements made by the defendant in the weeks before his arrest were not the product of custodial interrogation, and thus were not obtained in violation of his right to counsel under the *Rogers/Bartolomeo* rule *(see, People v Bertolo,* 65 NY2d 111, 116). Moreover, the defendant had indicated to the investigating officers that any cases apparently pending against him had been "squashed", a representation upon which those officers reasonably relied *(see, People v Finizia,* 150 AD2d 720; *People v Barreto,* 143 AD2d 920, 923). For this latter reason, both the oral statement made by the defendant upon his arrest, as well as the written statement made after the defendant waived his right to counsel, were properly admitted into evidence. Finally, the oral statement was properly admitted for the additional reason that it was spontaneously made *(see, People v Rogers,* 48 NY2d 167, 174).

Also without merit is the defendant's contention that the statements which the hearing court refused to suppress were in fact subject to suppression as the fruits of the same illegal police action as warranted the suppression of the statements the defendant had earlier made to law enforcement officials. The evidence adduced at the hearing clearly established that the statements which the court refused to suppress had not " 'been come at by exploitation of [the earlier] illegality' ", but instead had been obtained " 'by means sufficiently distinguishable to be purged of the primary taint' " *(Wong Sun v United States,* 371 US 471, 488).

We have examined the defendant's remaining contention and find it to be without merit *(see, People v Santillana,* 118 AD2d 669). Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.