■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN K. BARBER, Appellant. [770 NYS2d 537]—

Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered December 29, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). The charges arose from the shooting death of Calvin Crippen in the building where defendant resided. We reversed defendant's prior judgment of conviction based on Supreme Court's failure to grant defendant's challenge for cause to a prospective juror (*People v Barber,* 269 AD2d 758 [2000]). On this appeal, defendant contends that the court erred in admitting in evidence his cousin's testimony from the first trial. We reject that contention. Defendant's cousin, Ronald Evans, was present at the time of the murder and assisted defendant in disposing of the victim's body. Evans testified against defendant at the first trial in exchange for a lenient sentence but refused to testify at the second trial, contending that his deal with the People did not require him to testify at more than one trial. Evans persisted in his refusal to testify despite the court's warning that he would be held in contempt and, indeed, he was held in contempt following a hearing. The court thereafter determined that Evans was unavailable to testify and permitted the People to present his testimony from the first trial in evidence pursuant to CPL 670.10 (1). We conclude that the court properly admitted that testimony in evidence under the circumstances of this case (*see generally People v Spencer,* 219 AD2d 259, 264 [1996], *lv denied* 88 NY2d 1024 [1996]; *People v Muccia,* 139 AD2d 838, 839 [1988], *lv denied* 72 NY2d 960 [1988]).

We reject the contention of defendant that the court erred in precluding him from offering expert testimony with respect to the effects of cocaine on the behavior of the victim in support of the defense of justification and the affirmative defense of extreme emotional disturbance. Defendant conceded that the expert could not testify with respect to the effect of cocaine on the victim but instead sought to introduce expert testimony that cocaine could cause the victim to act in an aggressive manner. At the hearing on the offer of proof, the expert testified that, in his opinion, the victim had ingested a sufficient amount of cocaine to cause pharmacological effects, but he conceded that irritability and aggression are only two items in a "laundry list" of possible effects that also include fatigue and euphoria. The expert was unable to testify with respect to the effect of cocaine on the victim herein, and thus we conclude that the court did not abuse its discretion in precluding the testimony (*see People v Cronin,* 60 NY2d 430, 433 [1983]).

Defendant further contends that the court erred in refusing to charge the jury on the affirmative defense of extreme emotional disturbance based on his refusal to submit to a psychiatric examination. Even assuming, arguendo, that the court erred in its reasoning, we nevertheless conclude that the court properly refused to charge the affirmative defense inasmuch as the charge was not warranted based on the evidence at trial. In support of the affirmative defense, defendant testified that he feared for his own life and the lives of his family members because he was attempting to remove himself from the illegal drug business. He was meeting Crippen, an emissary for another person, in order to buy his way out of the illegal drug business by giving Crippen $26,000. Defendant further testified that, after he shot Crippen twice, but before he fired the fatal third shot, Crippen threatened the lives of his family members. Another defense witness testified that defendant wore a bulletproof vest "all the time" for six months prior to the murder. We conclude, however, that the presence of mind exhibited by defendant in donning surgical gloves and a bulletproof vest before Crippen arrived and in disposing of Crippen's body after the murder, directing his fiancé to clean the room in which the murder occurred, and directing another person to clean the trunk of the car in which the body was transported "is inconsistent with the loss of self-control associated with the defense" (*People v Roche,* 98 NY2d 70, 77 [2002]). "In the absence of the requisite proof, an extreme emotional disturbance charge should not be given because it would invite the jury to engage in impermissible speculation concerning defendant's state of mind at the time of the homicide" (*id.* at 76).

Defendant failed to preserve for our review his contention that he was denied a fair trial as a result of prosecutorial misconduct on summation, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Rogers,* 277 AD2d 876 [2000], *lv denied* 96 NY2d 834 [2001]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.