■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVAN A. MARTIN, Appellant. [833 NYS2d 805]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered January 22, 2004. The judgment, upon a jury verdict, convicted defendant of grand larceny in the fourth degree, attempted robbery in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), defendant contends that Supreme Court erred in refusing to suppress the written statement that he gave to the police because he asked to speak to his grandmother. We reject that contention. The record establishes that defendant was 17 years old when he gave the written statement to the police. He thus was "legally an adult . . . and there was no requirement that his family be present during police questioning" (*People v Page*, 225 AD2d 831, 833 [1996], *lv denied* 88 NY2d 883 [1996]; *see People v Lewis*, 277 AD2d 1010, 1011 [2000], *lv denied* 96 NY2d 736 [2001]). The mere fact that the police denied defendant access to his family during questioning does not require suppression. Rather, a "showing that the isolation resulted from official deception or trickery is required before suppression becomes available under [the] theory" that defendant was unlawfully denied access to his family (*People v Salaam*, 83 NY2d 51, 55 [1993]), and no such showing was made here. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.