THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BRANDON M. McGRADY, Appellant. [844 NYS2d 796]—

Appeal from a judgment of the Monroe County Court (Frank
P. Geraci, Jr., J.), rendered June 1, 2005. The judgment convicted
defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting
him upon a jury verdict of murder in the second degree (Penal
Law § 125.25 [1]). Contrary to defendant's contention, County
Court properly refused to charge the affirmative defense of
extreme emotional disturbance. "[Defendant's] behavior im-
mediately before and after the killing was inconsistent with the
loss of control associated with the affirmative defense" (*People v
Murden*, 190 AD2d 822, 822 [1993], *lv denied* 81 NY2d 1017
[1993]; *see People v Roche*, 98 NY2d 70, 76-77 [2002]; *People v
Barber*, 2 AD3d 1290, 1292 [2003], *lv denied* 2 NY3d 761 [2004];
*People v Zamora*, 309 AD2d 957 [2003], *lv denied* 1 NY3d 583
[2003]), nor was there otherwise the requisite "sufficient cred-
ible evidence . . . presented for the jury to find, by a preponder-
ance of the evidence, that the elements of the affirmative
defense [had] been established" (*People v White*, 79 NY2d 900,
902-903 [1992]). We reject the contention of defendant that he
was deprived of his right to counsel when the police refused to
allow him to contact his father before interviewing him (*see
People v Fuschino*, 59 NY2d 91, 100 [1983]; *People v Martin*, 39
AD3d 1213 [2007], *lv denied* 9 NY3d 878 [2007]), and we
conclude that the record of the suppression hearing supports
the court's determination that defendant's statements to the
police were voluntarily made (*see People v Mateo*, 2 NY3d 383,
413-414 [2004], *cert denied* 542 US 946 [2004]; *People v Coleman*,
306 AD2d 941 [2003], *lv denied* 1 NY3d 596 [2004]). Also con-
trary to the contention of defendant, the court properly refused
to allow his five-year-old sister to testify on his behalf in view of
the ambiguities in her statements concerning her understand-
ing of the difference between the truth and a lie. " 'The resolu-
tion of the issue of witness competency is exclusively the
responsibility of the trial court, subject to limited appellate

review,' and should not be disturbed absent a clear abuse of discretion" (*People v Rising*, 289 AD2d 1069, 1070 [2001], *lv denied* 97 NY2d 732 [2002], quoting *People v Parks*, 41 NY2d 36, 46 [1976]). Here, there was no clear abuse of discretion. Finally, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.