THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMAD HALL, Appellant. [861 NYS2d 889]—

Appeal from a judgment of the Onondaga County Court (J. Kevin Mulroy, J.), rendered July 26, 1995. The judgment convicted defendant, after a jury trial, of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [3]), defendant contends that County Court

erred in failing to grant summarily that part of his omnibus motion seeking to suppress his statements to the police. Defendant raises that contention for the first time on appeal and thus has failed to preserve it for our review (*see* CPL 470.05 [2]). In any event, that contention lacks merit. Although the People did not specifically refute the allegations of defendant in his motion papers, the People's "consent to any Court ordered *Huntley* hearing" is "an acknowledgment that a disputed factual issue exists, thereby precluding summary suppression" (*People v Williams*, 19 Misc 3d 675, 679 [2008]; *see also People v Weaver*, 49 NY2d 1012, 1013 [1980]; *People v Brooks*, 225 AD2d 1096 [1996]). Defendant further contends that his statements should have been suppressed because his family invoked his right to counsel on his behalf. We reject that contention inasmuch as defendant was 17 years old at the time he was questioned by the police and thus, because he was legally an adult (*see People v Martin*, 39 AD3d 1213 [2007], *lv denied* 9 NY3d 878 [2007]), his family could not invoke his right to counsel for him (*see People v Mitchell*, 2 NY3d 272, 275-276 [2004]). Although the right to counsel may attach when an adult defendant's family has retained an attorney to represent the defendant and the police are aware that an attorney has been retained (*see People v Fuschino*, 59 NY2d 91, 100 [1983]), here the court concluded either that there was no communication to defendant informing him that an attorney had been retained for him, or that defendant had rejected that attorney. The court based its conclusion on credibility determinations, and those determinations are afforded great weight (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v White*, 300 AD2d 1149 [2002], *lv denied* 99 NY2d 621 [2003]).

Although the record establishes that defendant was denied the opportunity to telephone his mother, that fact, alone, does not warrant suppression of defendant's statements without evidence that the police intentionally denied defendant access to his family in order to bar his exercise of the right to counsel and to obtain a confession or evidence of "a pattern of isolation and trickery designed to keep the defendant from obtaining counsel" (*Fuschino*, 59 NY2d at 100; *see People v Salaam*, 83 NY2d 51, 55-56 [1993]; *Martin*, 39 AD3d 1213 [2007]). Furthermore, the request by defendant during the police interview to call his mother did "not give the police sufficient notice that the defendant [was] invoking his right to counsel" (*Fuschino*, 59 NY2d at 100), and his question whether he should have an attorney was not an unequivocal invocation of the right to counsel (*see People v Hicks*, 69 NY2d 969, 970 [1987], *rearg denied* 70 NY2d 796 [1987]; *People v D'Eredita*, 302 AD2d 925 [2003], *lv*

*denied* 99 NY2d 654 [2003]). Contrary to the additional contention of defendant with respect to the court's refusal to suppress his statements, the evidence establishes that he knowingly, voluntarily and intelligently waived his *Miranda* rights (*see People v Gerena*, 49 AD3d 1204 [2008]).

Contrary to the contention of defendant, the court properly admitted the testimony of a police officer that, during his interview of defendant, he informed defendant that defendant's mother had not corroborated defendant's alibi. That testimony was not offered for the truth of the mother's statements but, rather, was offered to establish the effect of the mother's statements on defendant (*see People v Daniels*, 265 AD2d 909, 910 [1999], *lv denied* 94 NY2d 878 [2000]; *see also People v Davis*, 58 NY2d 1102, 1103 [1983]), and "to explain why the defendant confessed to the police when he did" (*People v Perez*, 9 AD3d 376, 377 [2004], *lv denied* 3 NY3d 710 [2004]). Defendant's contention that the prosecutor improperly used that testimony in her summation is not preserved for our review (*see People v Johnson*, 50 AD3d 1537 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that his constitutional right of confrontation was violated when the court permitted a police officer to testify on redirect examination concerning another suspect's alibi. That contention is not preserved for our review because defendant did not object to that testimony (*see People v Bolling*, 49 AD3d 1330 [2008]; *People v Johnson*, 40 AD3d 1011, 1012 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Bryant*, 27 AD3d 1124, 1125 [2006], *lv denied* 7 NY3d 753 [2006]). Defendant also failed to preserve for our review his contention that the testimony constituted inadmissible hearsay (*see* CPL 470.05 [2]; *see also People v Mobley*, 49 AD3d 1343 [2008]). In any event, we conclude that defense counsel opened the door to the testimony (*see generally People v Massie*, 2 NY3d 179, 183-184 [2004]; *People v Melendez*, 55 NY2d 445, 451 [1982]), and we note that defendant was afforded the opportunity to present his defense when the court permitted defendant to elicit testimony on the substance of that alibi on his recross-examination of the police officer (*cf. People v Gilmore*, 66 NY2d 863, 866-867 [1985]).

Defendant failed to preserve for our review his contentions that the prosecutor's cross-examination of his aunt exceeded the scope of her direct testimony (*see People v Miller*, 108 AD2d 1053, 1057 [1985], *lv denied* 65 NY2d 697 [1985]), and that the cross-examination impermissibly suggested that his aunt had

retained an attorney for him because he was guilty (*see People v Collins*, 140 AD2d 186, 188 [1988]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. Defendant objected to only one comment on summation, and the court thereafter issued curative instructions with respect to that comment that the jury is presumed to have followed (*see People v Rivera*, 281 AD2d 927, 928 [2001], *lv denied* 96 NY2d 906 [2001]). We decline to exercise our power to review defendant's unpreserved challenges to the summation as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]); that defendant was not denied a fair trial by the cumulative effect of any alleged errors (*see generally People v Dixon*, 50 AD3d 1519 [2008]; *People v Washington*, 50 AD3d 1539 [2008]); and that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.