People v Perez (2025 NY Slip Op 06451)

People v Perez

2025 NY Slip Op 06451

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND KEANE, JJ.

799 KA 24-00349

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. RIVERA PEREZ, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered December 21, 2023. The judgment convicted defendant upon a nonjury verdict of criminal possession of a weapon in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [7], [8]). Contrary to defendant's contention, County Court did not err in failing to grant summarily that part of his omnibus motion seeking to suppress a firearm and ammunition underlying his conviction (see CPL 710.60 [2] [a]), inasmuch as the People sufficiently controverted the allegations within the motion (see People v Weaver, 49 NY2d 1012, 1013-1014 [1980]; see generally People v Hall, 53 AD3d 1080, 1081 [4th Dept 2008], lv denied 11 NY3d 855 [2008]). We likewise reject defendant's related contention that the court erred in denying that part of the motion after a suppression hearing. A police officer found the relevant evidence while searching defendant's residence pursuant to a search warrant, the validity of which defendant does not dispute. That search warrant explicitly permitted the police to search and seize "[a]ny and all items which are capable of retaining blood, hair, fiber, or serological evidence," a particular pair of shorts, and other specified items associated with the alleged abuse being investigated. During the search, the police officer found a soft-covered gun case in the master bedroom that was capable of holding the items referenced in the search warrant. According to testimony at the suppression hearing, the officer opened the soft case in order to look for those materials, and he immediately observed the firearm and ammunition inside. Under those circumstances, we conclude that the
search warrant provided the executing officers lawful access to anything that might contain the items referenced in the search warrant and that the officers discovered the firearm and ammunition in plain view within the scope of the warrant (see People v Brown, 96 NY2d 80, 90 [2001]).
Contrary to defendant's further contention, we conclude that his conviction is supported by legally sufficient evidence inasmuch as the People established that defendant had constructive possession of the firearm and ammunition. In reviewing the legal sufficiency of the evidence, we must "determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Williams, 84 NY2d 925, 926 [1994]). Here, testimony at trial reflected that, at the time of the search, defendant shared the bedroom where the weapon and ammunition were found with his then-wife and thus "exercis[ed] dominion and control over the area from which [they were] seized" (People v Delancy, 81 AD3d 1446, 1446 [4th Dept 2011], lv denied 17 NY3d 794 [2011]), and his then-wife testified that the weapon and ammunition belonged to defendant (see generally People v Tuff, 156 AD3d 1372, [*2]1376 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, we conclude that the
imposition of the fine and term of probation is not unduly harsh and severe.
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court