■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BEVERLY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Wood, J.), rendered October 7, 1982, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On July 28, 1981, several items, including a dictaphone and fishing knife, were stolen from the New Rochelle Outreach Center, an outpatient drug-abuse counseling center. The items were taken from the office of John Costigan, the assistant director of the center, while he was out to lunch. During Costigan's absence, Eric Chillis, a client, arrived at the center. He observed the defendant, Charles Beverly, whom he knew, exiting Costigan's office with something in his T-shirt. When Costigan returned from lunch, he discovered that the afore-mentioned items were missing. Police Officer Eugene Roos arrived at the scene and prepared a report of the incident naming defendant as a suspect.

The next day Detective Joseph Rossi of the Special Investigations Unit of the New Rochelle Police Department was given the police report prepared by Officer Roos and was assigned to follow up on the Outreach Center larceny. He received no other information, but he knew who Charles Beverly was and that he could often be found in Hartley Field. Detective Rossi proceeded to Hartley Field where he saw the defendant approach various people and show them the contents of a shopping bag. Defendant engaged in furtive conduct when the police approached; he looked over his shoulder, left the bag behind and walked to the rear of the park. Detective Rossi, aided by several other officers, arrested the defendant and advised him of his rights, which defendant said he understood. At the precinct, Detective Rossi read the defendant his rights from a *Miranda* card. After defendant again indicated an understanding of his rights, the detective gave the card to the desk officer for the purpose of typing

onto it certain general information concerning the defendant. Before the card was returned to Rossi for his signature, Rossi interrogated the defendant who then confessed. Thereafter the defendant was booked. According to Detective Rossi, it was not until after booking, when the desk sergeant returned the *Miranda* card to Rossi for his signature, that he learned that there was another matter pending against the defendant. The desk sergeant, it seems, had typed in two arrest numbers, one indicating a prior arrest, and he informed Rossi at that time (after the interrogation of defendant) that there was an active warrant for defendant's arrest.

Defendant moved unsuccessfully to suppress the statements made to Detective Rossi on the ground that they were taken in violation of his right to counsel which had attached by virtue of a prior pending charge. The pending charge and warrant arose from a July 8, 1981 arrest by the same New Rochelle Police Department for shoplifting in Macy's department store. The defendant was charged with petit larceny, a class A misdemeanor, and an attorney was assigned to represent him. He pleaded guilty to petit larceny and was scheduled for sentencing on July 27, 1981. When defendant failed to appear for sentencing, a warrant was issued for his arrest. Thus, that case was still pending when he was arrested two days later on the instant charge. The suppression court found that Detective Rossi did not have actual knowledge of the prior charge, and ruled defendant's statements admissible. We agree.

As a general rule, it is a police officer's actual knowledge of a pending charge, on which defendant is represented, that forecloses interrogation on the instant charge (*People v Smith,* 54 NY2d 954; *People v Servidio,* 54 NY2d 951). When an officer possesses such knowledge he is under an obligation to inquire whether defendant was represented by an attorney on the earlier charge (*People v Smith, supra; People v Bartolomeo,* 53 NY2d 225).

Detective Rossi was the only witness at the suppression hearing. He testified that at the time he arrested and interrogated Beverly he had no knowledge of his prior arrest nor of the active warrant. The police report concerning the Macy's shoplifting charge had been filed by an Officer Delano, who was not a part of Rossi's unit. The first time Rossi saw Delano's report was at the hearing. Rossi testified that neither he nor his unit is formally made aware of routine arrests made by the New Rochelle Police Department. Nor are they formally informed of outstanding warrants. Furthermore, when assigned the case, Rossi did not look at any other police files aside from Officer Roos' report.

Moreover, he did not discuss the case with Officer Roos or any other officer.

Despite defendant's allegations to the contrary, the instant record presents no evidence to contradict Detective Rossi's testimony that at the interrogation of defendant he was completely unaware of defendant's prior pending charge. The fact that Rossi's unit specialized in burglaries and thefts does not impute such knowledge to the officers. The Court of Appeals has held that the issue of the interrogating officer's "knowledge is basically a question of fact" (*People v Fuschino,* 59 NY2d 91, 99), thereby rejecting a constructive notice theory that defendant urges this court to apply (see *People v Servidio,* 77 AD2d 191, 197, affd 54 NY2d 951, *supra*).

Furthermore, this is not the type of case where it can be said the interrogating officer was insulated from the knowledge of defendant's pending charge or avoided knowledge of legal representation through subterfuge (see *People v Servidio, supra; People v Marshall,* 98 AD2d 452). There was absolutely no evidence presented to indicate that any of the other officers present at the interrogation or involved in the arrest had actual knowledge of the pending shoplifting charge or had any reason to inquire whether any charges were pending. Additionally, based on the record before us, it cannot be said that the police deliberately overlooked the obvious or insulated the interrogating officer from actual knowledge, even though the charge was pending in the same police department and was but 20 days old (see *People v Servidio,* 54 NY2d 951, 953, *supra*).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.