OPINION OF THE COURT
Memorandum.
On remand from the Supreme Court of the United States, the order of the Appellate Division should be reversed and the case remitted to Supreme Court, Queens County, for a determination, on the record of the suppression hearing held on March 6, 1981, of defendant’s assertion in support of his suppression motion that his statements to Officer Kraft following his apprehension on September 11, 1980 were not made voluntarily.
*925 On his motion to suppress his statements and the gun, both in the notice of motion and in the supporting affidavit, defendant expressly advanced the claim that his admission had been involuntary. At the suppression hearing he sought to elicit testimony in support of this contention. The suppression court, however, granting suppression on the ground that defendant had not been given the preinterrogation warnings to which he was constitutionally entitled, never reached or determined the issue of involuntariness. The United Státes Supreme Court having held that suppression was not warranted on the ground relied on by the hearing court, the case must be returned to the hearing court for its determination of defendant’s claim of involuntariness.
Inasmuch as the issue was raised and defendant had full opportunity to offer evidence, there is no occasion, however, to order a new evidentiary hearing; the question should be resolved on the record of the prior hearing (People v Havelka, 45 NY2d 636, 642-644). Accordingly, the case is remitted to Supreme Court, Queens County, for such determination, preferably by the Justice before whom the suppression hearing was held.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On reargument following remand by the Supreme Court of the United States, order reversed and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the memorandum herein.