■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SEPE, JR., Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered December 16, 1980, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The only issue that merits discussion is defendant's claim that his postarrest statements and confessions were invalidly obtained because the police knew or should have known at the time they questioned him that he was represented by counsel in a pending unrelated matter. The applicable rule now is that the mere fact that there are outstanding charges as to which defendant's right to counsel has attached does not preclude questioning on a new charge, unless the police know or had reason to know that defendant was actually represented on the outstanding charges (*People v Lucarano,* 61 NY2d 138, 145). Absent special circumstances not here present (*see, e.g., People v Pinzon,* 44 NY2d 458; *see also, People v Lucarano, supra,* p 145, n 3), it must be shown that the interrogating officer had actual knowledge of the pending unrelated charges, for the knowledge cannot be imputed (*People v Servidio,* 54 NY2d 951; *People v Beverly,* 104 AD2d 996). There is no indication in the instant record as to whether the detectives who conducted the investigation in this case had actual knowledge of the outstanding charges against defendant. Since counsel raised the issue at the hearing on his motion to suppress evidence and defendant had full opportunity to offer evidence at that time, he is not entitled to a further hearing (*People v Quarles,* 63 NY2d 923; *People v Havelka,* 45 NY2d 636).

Consistent with the rule expressed in *People v Rogers* (48 NY2d 167), as soon as the interrogating detective was told that defendant was represented by an attorney and that the attorney requested that questioning be stopped, the detective immediately ceased questioning. Since defendant's failure to question the detectives as to their knowledge of his pending unrelated charges is not a ground for a new hearing (*People v Quarles, supra; People v Havelka, supra*) and the record does not otherwise indicate that the detectives had knowledge of defendant's pending unrelated charges, his contention of unconstitutional interrogation must be rejected. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.