■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SANCHEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered November 9, 1983, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The hearing court did not err in determining that suppression of the self-incriminatory statements which defendant made to law enforcement authorities was not warranted (*see, People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726). Rather, under the totality of the circumstances (*People v Anderson,* 42 NY2d 35; *People v Woods,* 89 AD2d 1022), we conclude that defendant made the statements voluntarily after he knowingly and intelligently waived his constitutional rights to counsel and to remain silent. Defendant's mental condition did not prevent him from comprehending his *Miranda* rights, knowingly and intelligently waiving them, and making voluntary and reliable statements (*see, People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874; *People v Love,* 57 NY2d 998; *People v Williams,* 62 NY2d 285; *People v Woods, supra; People v Kelly,* 67 AD2d 1009; *see also, People v Crosby,* 91 AD2d 20, *lv denied* 59 NY2d 765). Moreover, since the authorities were completely unaware of defendant's prior pending charge, on which an attorney had been assigned to represent him, they were not foreclosed from interrogating him on the instant matter (*see, People v Bartolomeo,* 53 NY2d 225; *People v Servidio,* 54 NY2d 951; *People v Smith,* 54 NY2d 954). Additionally, based on the record before us, it cannot be said that the authorities had any reason to inquire whether any charges were pending or that they avoided knowledge of legal representation through subterfuge or by deliberately overlooking the obvious, even though the prior, unrelated charge was pending in the same police department where the interrogation occurred and was less than two months old (*see, People v Fuschino,* 59 NY2d 91; *People v Servidio, supra; People v Beverly,* 104 AD2d 996; *see also, People v Cunningham,* 60 NY2d 930).

We have considered defendant's remaining contentions and find them to be either unpreserved or lacking in merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.