■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WASHINGTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Shaw, J.), rendered January 6, 1982, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although the defendant may raise a right to counsel claim pursuant to *People v Bartolomeo* (53 NY2d 225) for the first time on appeal, despite his failure, as in the case at bar, to assert such a claim at the suppression hearing (*see, e.g., People v Cullen,* 50 NY2d 168; *People v Samuels,* 49 NY2d 218; *People v Donovon,* 107 AD2d 433), a sufficient factual record must be developed in order for such a claim to be reviewed on appeal. The defendant cannot succeed on his *Bartolomeo* claim if the record before the appellate court fails to disclose facts sufficient to establish a deprivation of his right to counsel (*see, People v Kinchen,* 60 NY2d 772; *People v Donovon, supra*). On this record, there is no evidence whatsoever that the law enforcement officials who took statements from defendant after he waived his rights had knowledge of his recent prior arrest in Kings County. Moreover, defendant was not deprived of his right to counsel during questioning since the police were under no duty to make any further inquiry as to whether defendant was represented by counsel merely because he had prior involvements with the criminal justice system (*see, e.g., People v Sepe,* 108 AD2d 941; *People v Lucarano,* 61 NY2d 138, 145-146; *People v Servidio,* 54 NY2d 951; *People v Beverly,* 104 AD2d 996; *People v Bertolo,* 102 AD2d 193, 216 [Niehoff, J., concurring], *affd* 65 NY2d 111; *People v Brownlee,* 119 Misc 2d 996, 999). Therefore, defendant has failed to make a factual showing sufficient for appellate review of his right to counsel claim.

The identification testimony of the complaining witness was not tainted by any suggestive identification procedures; in any event, because the complaining witness was able to see defendant's face for a 10-second period before she entered the elevator in which she was eventually raped, she thus had an independent basis for making her identification (*see, e.g., People v Ballott,* 20 NY2d 600; *People v Coleman,* 98 AD2d 942). In addition, the

trial court did not abuse its discretion in granting in part and denying in part defendant's *Sandoval* motion (*People v Sandoval,* 34 NY2d 371; *see, People v Pavao,* 59 NY2d 282, 292; *People v McClain,* 107 AD2d 765). Although the trial court improperly used the words "moral certainty" in explaining the concept of reasonable doubt to the jury, since no exception was taken to that portion of the charge and the charge, viewed in its entirety, adequately explained the concept of reasonable doubt to the jury, a reversal of defendant's conviction is not mandated (*see, People v Dee,* 106 AD2d 582; *People v Ortiz,* 92 AD2d 595). Defendant's claims that the videotape which was played to the jury should have been redacted to delete a question asked of him by an Assistant District Attorney and defendant's answer to the question, and that the prosecutrix's summation was improper and prejudicial have been considered and are without merit. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.