Defendant contends, *inter alia,* that the photo array and subsequent lineup identifications by complainant were unduly suggestive, prejudicial and conducive to misidentification. We agree with Criminal Term that the procedures employed were proper and not constitutionally defective *(see, People v Rolston,* 109 AD2d 854, 855; *People v Haynes,* 88 AD2d 1070; *People v Chamberlain,* 96 AD2d 959). We have viewed the photo array and find that it was not prejudicial to defendant *(cf. People v Shea,* 54 AD2d 722). Similarly, after viewing photographs of both lineups we find that the lineups were not unduly suggestive *(People v Scott,* 114 AD2d 915; *cf. People v Burwell,* 26 NY2d 331; *People v Lebron,* 46 AD2d 776). Moreover, we agree with Criminal Term that the complainant had an independent source for her in-court identification of defendant *(see, Neil v Biggers,* 409 US 188; *Manson v Brathwaite,* 432 US 98; *People v Martin,* 101 AD2d 869, 870; *cf Dickerson v Fogg,* 692 F2d 238).

We have reviewed defendant's remaining contention and find it to be without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYLER A. FRANKS, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered March 10, 1983, convicting him of robbery in the first degree (two counts), after a nonjury trial, and imposing sentence.

Judgment affirmed.

We have considered all of the issues raised by defendant, including the propriety of the lineups at which he was identified by the principal complaining witness and the denial of youthful offender status, and find them to be without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.