■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE K. INGRAM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered June 20, 1980, convicting him of burglary in the first degree, rape in the first degree, sodomy in the first degree, petit larceny and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of a statement made by him to the police.

Judgment affirmed.

The defendant was arrested at approximately 10:25 A.M. on June 12, 1979. He was, at that time, represented by an attorney in connection with a certain proceeding in the Family Court. The defendant was advised of his *Miranda* rights at the time of his arrest and again prior to questioning by the police at the Sixth Precinct. The defendant waived these rights and proceeded to make a voluntary and inculpatory statement.

The defendant argues on appeal that his statement must be suppressed because the waiver of his right to the presence of counsel during questioning was ineffective under the rule of *People v Bartolomeo* (53 NY2d 225). We disagree. Assuming, arguendo, that *People v Bartolomeo (supra)* applies where the defendant's representation by counsel relates to a Family Court proceeding, the rule is that "[a]bsent some actual knowledge * * * of either defendant's representation by counsel or the pendency of prior charges, the police have no affirmative duty to cease their questioning or inquire whether defendant has an attorney" *(People v Bertolo,* 65 NY2d 111, 119; *see also, People v Servidio,* 54 NY2d 951). The record

supports the finding that none of the police involved had actual knowledge of the pending Family Court proceeding at the time of the defendant's arrest and interrogation.

Although one officer, who assisted in the early stages of the investigation into this case, was aware that the defendant had been questioned by the police in connection with prior burglaries, he was unaware of the subsequent Family Court proceedings. The arresting detective was also unaware of defendant's prior juvenile offense, at least until approximately 6:00 P.M., after the defendant had already been questioned. The detective who conducted the interrogation was also unaware of the defendant's prior involvement with the law. The only evidence from which it could be inferred that the police knew of the proceeding in the Family Court or of the defendant's representation by an attorney is the testimony of the defendant's mother which was contradicted by other testimony, and which the hearing court could disregard. Since there was also no showing that the police acted in "bad faith" *(People v Bertolo, supra,* at p 120) or "deliberately overlooked the obvious" *(People v Servidio, supra,* at p 953) but instead scrupulously observed the defendant's legal rights at every turn, suppression of his statement is not warranted solely because, unbeknownst to the police, the defendant had an attorney on another matter *(see also, People v Sanchez,* 109 AD2d 761, 762; *People v Sepe,* 108 AD2d 941; *People v Beverly,* 104 AD2d 996, 998).

The defendant also argues that reversal is warranted under the rule of *People v Bevilacqua* (45 NY2d 508). This claim is also without merit. There is no proof in the record that the police deliberately isolated the defendant from his parents, or denied family members access to the defendant while he was in custody *(see, People v Winchell,* 64 NY2d 826; *People v Crimmins,* 64 NY2d 1072; *People v Fuschino,* 59 NY2d 91, 100). On the contrary, the record demonstrates that the police used exemplary diligence in their unsuccessful efforts to contact the defendant's parents, even though, by the defendant's own admission, he did not request to see them at the time of his arrest.

The defendant's final contention is beyond the scope of review as a matter of law, and, in any event, is without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.