■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES RYANS, Also Known as FRANK CORAM, Respondent.— Appeal by the People from an order of the Supreme Court, Queens County (Chetta, J.), dated May 29, 1985, which, after a hearing, granted so much of the defendant's omnibus motion as sought to suppress statements made upon arrest and after the administration of *Miranda* warnings.

Order reversed, on the law, and motion denied.

The fact that there are outstanding charges as to which a defendant's right to counsel has attached does not preclude questioning on new charges, unless the police know or have reason to know that the defendant is actually represented on the outstanding charges *(People v Lucarano,* 61 NY2d 138, 145). The instant record indicates that the arresting officer was aware of an outstanding arrest warrant for the defendant dating back to 1978. He did not inquire whether the defendant was represented by counsel and therefore was chargeable with whatever a reasonable inquiry would have revealed *(see, People v Bartolomeo,* 53 NY2d 225). However, at the *Huntley* hearing, the defendant failed to meet his burden of proof showing that he was actually represented by counsel on the pending 1978 charge *(see, People v Rosa,* 65 NY2d 380, 388). Since the defendant's failure to establish actual representation on the pending charge is not a ground for a new hearing *(see, People v Sepe,* 108 AD2d 941, *lv denied* 65 NY2d 820; *People v Donovon,* 107 AD2d 433, 442; *People v Quarles,* 63 NY2d 923, 925; *People v Havelka,* 45 NY2d 636, 642-644) and the record does not otherwise indicate that the defendant was represented by counsel on the 1978 charges, the defendant's statements regarding the new charges should not have been suppressed. Accordingly, we reverse. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.