■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL D. FELLS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered May 21, 1982, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress evidence.

Judgment affirmed.

The hearing court properly determined that the photographic identification of the defendant by the mother of the deceased, who was an eyewitness to the crime, was not constitutionally defective (see, People v Edwards, 115 AD2d 657; People v Rolston, 109 AD2d 854, 855; People v Haynes, 88 AD2d 1070). Moreover, there is no basis for overturning the hearing court's finding that, under the totality of the circumstances, the defendant knowingly and voluntarily waived his constitutional rights before confessing to the instant crime (see, People v Williams, 62 NY2d 285, 288-289; People v Sanchez, 109 AD2d 761, 762). In this regard, the evidence of the defendant's mental condition was not sufficient to warrant suppression. The trial court was correct in denying the defendant's request for a charge as to the affirmative defense to felony murder (see, Penal Law § 125.25 [3]). Under no reasonable view of the evidence did the defendant establish the elements of the affirmative defense (see, Penal Law § 125.25 [3]; People v Cable, 96 AD2d 251, 261, revd on other grounds 63 NY2d 270; People v Edwards, 64 AD2d 201; see also, People v Collice, 41 NY2d 906; People v Alston, 104 AD2d 653, 654).

We have reviewed the defendant's remaining contention and find it to be without merit. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.