■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered April 19, 1983, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's pretrial motion which was to suppress certain statements made by him to law enforcement authorities.

Judgment affirmed.

The hearing court did not err in denying that branch of the defendant's pretrial motion which was to suppress certain self-incriminatory statements which he had made to law enforcement authorities. Although the defendant had been arrested in the same county approximately 10 days earlier, the present record is devoid of evidence that the officer involved in the instant matter had any knowledge of the prior pending

charge, and there is no indication in the record that the defendant had actually been represented by, or that he had already been assigned counsel on this pending charge. Accordingly, the police were not foreclosed from interrogating the defendant with respect to the instant matter *(see, People v Bartolomeo,* 53 NY2d 225; *People v Servidio,* 54 NY2d 951; *People v Sanchez,* 109 AD2d 761; *People v Beverly,* 104 AD2d 996), and the defendant's statements, which were freely and voluntarily given, were properly held to be admissible at trial.

We further find that, under the circumstances, the sentencing court did not abuse its discretion in sentencing the defendant to the maximum permissible term of imprisonment to run consecutively with the sentence imposed upon an unrelated conviction. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.