■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYNAUTH PERSAUD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered October 13, 1981, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The fact that there are outstanding charges, to which a defendant's right to counsel has attached, does not preclude questioning on new charges in the absence of counsel, unless the police know or have reason to know that the defendant is actually represented by counsel on the outstanding charges *(see, People v Lucarano,* 61 NY2d 138, 145).

The record indicates that the arresting officer had filed a misdemeanor complaint on an unrelated matter against the defendant on September 1, 1980. Just prior to the defendant's arrest on September 4, 1980, the officer had superseded the misdemeanor complaint with a felony complaint. Although aware of charges pending against the defendant, the police did not inquire whether the defendant was represented by counsel and are, therefore, chargeable with whatever a reasonable inquiry would have revealed *(see, People v Bartolomeo,* 53 NY2d 225).

However, at the *Huntley* hearing, the defendant failed to meet his burden of proving that he was actually represented by counsel on the pending unrelated charge *(see, People v Rosa,* 65 NY2d 380, 388). The defendant's failure to establish actual representation on the pending charge does not present a ground for a new hearing *(see, People v Sepe,* 108 AD2d 941, *lv denied* 65 NY2d 820; *People v Donovon,* 107 AD2d 433, 442;

*People v Quarles,* 63 NY2d 923, 925; *People v Havelka,* 45 NY2d 636, 642-644). Consequently, the defendant's statements regarding the new charges were not subject to suppression. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.