■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRIS HOWARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered April 9, 1987, convicting him of robbery in the first degree (eight counts), robbery in the second degree (eight counts), grand larceny in the third degree (six counts), and unauthorized use of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that his first statement made to the police was inadmissible since it was made while he was in custody, without Miranda warnings, and that the "public safety exception" should not apply under the facts of this case. He argues further that the second statement made to the police following Miranda warnings was also inadmissible because it was an inevitable outcome of the first. The defendant

further claims that the prosecutor's failure to give proper notice of his intention to use his first statement as evidence, in violation of CPL 710.30, bars its use at the trial.

Custodial interrogation in certain circumstances is inherently coercive and, unless the suspect is specifically advised of his preinterrogation rights, statements made by him will be held inadmissible *(see, Miranda v Arizona,* 384 US 436; *New York v Quarles,* 467 US 649, *on remand* 63 NY2d 923). The only issue presented here is whether a police officer was justified in failing to advise the defendant of his *Miranda* rights prior to questioning the defendant at the scene of the crime. In *New York v Quarles (supra),* the Supreme Court carved out a limited exception to the *Miranda* requirement which is triggered when a danger to public safety appears to be present *(see, Matter of John C.,* 130 AD2d 246, 253). The exception applies to "a kaleidoscopic situation * * * where spontaneity * * * is necessarily the order of the day[. T]he application of the exception * * * should not be made to depend on *post hoc* findings at a suppression hearing concerning the subjective motivation of the arresting officer" *(New York v Quarles, supra,* at 656). Here, it is reasonable to conclude, as the County Court did, that *Quarles* applies to the instant situation. The record demonstrates that at the time of the defendant's apprehension, there existed a serious threat to public safety. With scores of people outside the club where a robbery took place and the defendant and one codefendant in custody, the question posed to the defendant as to the number and whereabouts of the remaining robbers was "more for the purpose of clarifying the situation and ascertaining for safety reasons the location of possible weapons, than to secure evidence of a crime" *(Matter of John C., supra,* at 253; *People v Johnson,* 59 NY2d 1014). Contrary to the defendant's contention, the record also demonstrates that the officer's questioning of the defendant about his codefendants was part of the continuous action of apprehending the defendant, handcuffing him and escorting him to the police vehicle while the danger to the public from his armed confederates had not yet been eliminated.

Although the People concede that under *People v O'Doherty* (70 NY2d 479, 488), because good cause was not established and notice was not furnished within 15 days after the arraignment, the subject statement should *not* have been admitted at trial *(see also, People v Boughton,* 70 NY2d 854; *People v McMullin,* 70 NY2d 855), the error is based on a violation of statute, and pursuant to the statutory scheme, lends itself to

harmless error analysis *(see, People v Ayala,* 75 NY2d 422). Where, as here, an error is nonconstitutional, reversal is warranted only if the properly admitted evidence "was not 'overwhelming' *and* there is a 'significant probability * * * that the jury would have acquitted the defendant had it not been for the error or errors which occurred' *[People v Crim-mins,* 36 NY2d 230, 242]" *(People v Ayala, supra,* at 431; *People v Hamlin,* 71 NY2d 750, 758). Here, the record demonstrates that the properly admitted evidence was overwhelming and that the statement itself was, concededly, not very damaging. Therefore, in light of the overwhelming evidence presented and the lack of any significant probability that the jury would have acquitted the defendant but for the error, the erroneous admission into evidence of the defendant's on-the-scene oral statement was harmless *(People v Ayala, supra; People v Williams,* 150 AD2d 821).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.