■ In the Matter of ANTHONY S., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County (Kathryn McDonald, J.), entered August 1, 1985, finding that appellant committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the fourth degree, attempted escape in the second degree and obstructing governmental administration, and which granted appellant a conditional discharge on condition that he be placed under the jurisdiction of New Jersey courts, modified, on the law, to the extent of reversing the order summarily denying the motion to suppress and remanding for further proceedings, without costs.

On appeal, respondent argues, *inter alia,* that the court at the fact-finding hearing improperly exercised its discretion in summarily denying his oral motion to suppress the gun seized. We agree. Although a motion to suppress is required to be

made prior to the fact finding *(see,* Family Ct Act § 330.2 [2]), if good cause is shown why the motion was not made prior to the commencement of the fact finding, a court may entertain the motion *(see,* Family Ct Act § 330.2 [2]; § 332.2 [3]).

Because the respondent was detained, and the petition's highest count was less than a C felony, a fact-finding hearing was required to be commenced no more than three days after the conclusion of the initial appearance *(see,* Family Ct Act § 340.1). At the fact finding, respondent's counsel orally moved to suppress the gun seized, explaining that her delinquency in bringing the motion was due to her appointment as counsel only four days prior to the fact finding and because of her lack of opportunity to communicate with the detained respondent. Under these circumstances, we find that it was an abuse of discretion not to entertain respondent's motion. We also note that a compelling argument for suppression is made by counsel which, if proved, would warrant suppression and dismissal of the petition.

The order of this court entered herein on June 14, 1990 and the memorandum decision filed therewith [162 AD2d 228] are recalled and vacated. Concur—Ross, Milonas and Kassal, JJ.

Murphy, P. J., and Wallach, J., dissent in a memorandum by Wallach, J., as follows: Following our review of the record as a whole, and giving every inference favorable to the prosecution arising from the testimony of the two arresting officers, we would find that there was no probable cause to stop the vehicle in which respondent was a rear-seat passenger and to search to bag from which a gun was recovered. Accordingly, we would dismiss the weapon charge and remand the matter for a new dispositional hearing addressed solely to the two remaining charges contained in the petition.