■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMINIO VARGAS, Appellant.—Judgment of the Supreme Court, Bronx County (Robert Cohen, J.), rendered July 29, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing defendant to an indeterminate term of imprisonment of 4½ to 9 years, unanimously affirmed.

We find no merit to defendant's unpreserved claims that the contraband recovered from his accomplice was inadmissible proof of uncharged drug sales and that the court should have given limiting instructions. Defendant was arrested after the sale of cocaine in a routine "buy-and-bust" operation, where according to the undercover officer, defendant led the officer to the actual seller of narcotics, accepted the buy money, and transferred the cocaine to the undercover officer. Defendant's accomplice, who had previously pleaded guilty, testified at trial, admitting his guilt and exculpating defendant. While the trial court did dismiss the possession count predicated on the narcotics recovered from the accomplice's person, the court nevertheless allowed the narcotics to be introduced into evidence as probative of the police officer's credibility. Defendant, while he objected, never argued that the evidence constituted proof of uncharged crimes, and for this reason it is unnecessary to review defendant's unpreserved claim.

Neither was defendant deprived of a fair trial by any of the prosecutor's comments on summation. Defendant urges that the prosecutor improperly suggested that defendant was involved in other sales, but no objection was raised when the prosecutor urged that defendant was a salesman, and the argument was reasonably related to the evidence of the relationship between defendant and his accomplice. The prosecutor did not err when he said the simple issue facing the jury was whether defendant acted in concert with La Boy. By the same token, the prosecutor's observation that either the police witnesses or La Boy was lying was apt, in view of the defense counsel's argument in summation that the officers had lied. Concur—Carro, J. P., Asch, Kassal and Smith, JJ.