■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ROLON, Appellant.—Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered on November 10, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a predicate felon, to an indeterminate term of from 12½ to 25 years imprisonment, unanimously modified, on the law and on the facts and as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of from 6 to 12 years, and, except as thus modified, affirmed.

Defendant was convicted after an undercover "buy and bust" operation, in which he sold two vials of "crack" to an undercover officer in exchange for $20 of pre-recorded "buy money", and was shortly thereafter found in possession of that pre-recorded "buy money" at the time of his arrest.

Viewing the evidence in a light most favorable to the People, and bearing in mind that credibility is a matter to be determined by the trier of facts, we conclude that defendant's guilt of criminal sale of a controlled substance in the third degree was proven beyond a reasonable doubt (People v Malizia, 62 NY2d 755, cert denied 469 US 932), and that the verdict was supported by the weight of the credible evidence (People v Bleakley, 69 NY2d 490). We reject defendant's claim that the undercover officers' testimony was not credible or

that there existed discrepancies and inconsistencies with respect to the testimony of the People's remaining witnesses. Nor was it required that chemical analysis of the narcotics be gauged against a " 'known standard' ". *(People v Flores,* 138 AD2d 512, *lv denied* 72 NY2d 859.)

Similarly, we find that the trial court did not abuse its discretion in granting a brief adjournment, as requested by defense counsel, in anticipation of a prospective defense witness, and in thereafter refusing to reopen the defense case for that witness' testimony when he appeared, for the first time, after the completion of the defense summations *(Matter of Anthony M.,* 63 NY2d 270, 283; *People v Munoz,* 153 AD2d 281, 285, *lv denied* 75 NY2d 922).

With respect to the trial court's *Sandoval* ruling, we find no abuse of discretion in permitting inquiry into the defendant's two prior convictions for robbery and attempted robbery in the first degree where the prior convictions involved crimes of an entirely different nature from that for which the defendant was being tried, pre-dated the crime at issue by less than four years, and where the defense failed to meet its burden of demonstrating that the defendant would be unduly prejudiced by questions concerning his criminal past *(People v Greer,* 42 NY2d 170, 176).

We find, however, that the sentence imposed was excessive to the extent indicated.

Finally, we have considered the defendant's *pro se* arguments, to the extent preserved, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Kupferman, JJ.