■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAZZELLA, Appellant.—Judgment, Supreme Court, New York County (Albert Williams, J., at identification hearing; Joan C. Sudolnik, J., at jury trial), rendered March 31, 1989, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of from 7 to 14 years, unanimously affirmed.

At about 5:00 P.M. on November 16, 1987, defendant sold a plastic bag of cocaine to an undercover officer for $20. Defendant took the plastic bag from a black pouch, which he returned to his companion once the sale was completed. Defendant then went inside a restaurant, where he turned over money to a second companion. Defendant and the others were shortly thereafter taken into custody, but neither drugs nor money were recovered from defendant. The buy money was recovered from defendant's second companion, and the black pouch containing additional cocaine from the first companion.

Defendant was not deprived of a fair trial by the introduction of the evidence that his first companion possessed more cocaine. It was defense counsel who established that defendant's first companion had the pouch containing more drugs, apparently in order to show that the police were lying. The prosecutor did not take advantage of counsel's cross-examination to explore remote or tangential matter *(People v Melendez,* 55 NY2d 445, 452). Her redirect examination concerning the additional cocaine was not broader than counsel's cross-examination. In any event, the proof that additional cocaine was discovered in the possession of defendant's companion was independently admissible, since it served to explain why the black pouch was not recovered from defendant *(People v Vargas,* 168 AD2d 317, *lv denied* 77 NY2d 968). Moreover, the jury was plainly told to decide only the question of whether defendant sold drugs. In the circumstances presented, the evidence was not proof of some unrelated drug transaction *(People v Crandall,* 67 NY2d 111).

The chemist's opinion that the substance sold by defendant to the undercover officer was cocaine was properly admitted into evidence. Defendant's belated challenge on the ground that the chemist did not test the substance against a known standard is unpreserved and meritless *(People v Rolon,* 172 AD2d 252, 253, *lv denied* 78 NY2d 926). Nor has defendant established that his right to be present at trial was violated, the claim being based on speculation about events not appearing in the record. In any event, his absence from an off the record discussion of a *Sandoval* hearing, when he did not seek such a hearing, is not reversible error *(People v Matthews,* 68 NY2d 118).

Defendant's challenges to the prosecutor's summation are unpreserved and, in any event, meritless.

The trial court did not abuse its discretion in sentencing

defendant. Concur—Sullivan, J. P., Milonas, Ellerin, Kassal and Smith, JJ.