■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN RATLIFF, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered June 2, 1987, convicting him of robbery in the first degree (10 counts), and grand larceny in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant and three accomplices robbed the patrons of a private social club at gunpoint. When the police responded to the armed robbery in progress at the club, three of the defendants exited the club with the patrons and pretended to be victims as well. The defendant was apprehended as he

attempted to flee from the scene, and several patrons shouted to police that he had robbed them. In response to a police officer's question, the defendant stated that there was one more accomplice remaining inside the club. Several hours later at the station house, the defendant received his *Miranda* warnings and signed a waiver form before detailing his participation in the hold-up.

The defendant contends that the first statement he made to the police was inadmissible since it was made while he was in custody, without *Miranda* warnings, and that the "public safety" exception *(see, New York v Quarles,* 467 US 649, *on remand* 63 NY2d 923)* should not apply under the facts of this case. He argues further that the second statement made to the police following *Miranda* warnings was also inadmissible because it was an inevitable outcome of the first. Contrary to the defendant's contention, however, the record demonstrates that at the time of the defendant's apprehension, there existed a serious threat to the public safety. With scores of people outside the club where a robbery took place and the defendant and one codefendant in custody, the question posed to the defendant as to the number and whereabouts of the remaining robbers was "more for the purpose of clarifying the situation and ascertaining for safety reasons the location of possible weapons, than to secure evidence of a crime" *(Matter of John C.,* 130 AD2d 246, 253; *see, People v Johnson,* 59 NY2d 1014). The record further demonstrates that the officer's questioning of the defendant about his codefendants was part of the continuous action of apprehending the defendant, handcuffing him, and escorting him to the police vehicle while the danger to the public from his armed confederates had not yet been eliminated *(see, New York v Quarles, supra; People v Howard,* 162 AD2d 615, 616).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.