■ In the Matter of JESSE H., a Person Alleged to be Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Dutchess County (Bernhard, J.), dated March 20, 1991, which, upon a fact-finding order of the same court, dated December 18, 1990, made after a hearing, finding that the appellant had committed an act which constituted unlawful possession of a weapon by a person under sixteen, adjudged him to be a juvenile delinquent and placed him in the custody of the Commissioner of Social Services for a period of one year for placement in a residential facility. The appeal brings up for review the fact-finding order dated December 18, 1990, and the denial, without a hearing, of those branches of the appellant's omnibus motion which were to suppress statements made by him to the police and physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We agree with the appellant's contention that the agency should have been precluded from offering evidence of a statement he made to the police, as the agency failed to provide notice of its intention to offer the statement into evidence and did not demonstrate good cause for its failure to serve the required notice *(see, People v Amparo,* 73 NY2d 728; *People v O'Doherty,* 70 NY2d 479; CPL 710.30 [3]; Family Ct Act § 330.2 [2], [8]). However, the admission of this testimony was harmless in view of the overwhelming proof of the appellant's guilt *(see, e.g., People v Howard,* 162 AD2d 615; *People v Taylor,* 155 AD2d 630; *cf., People v O'Doherty, supra).*

The Family Court did not improvidently exercise its discretion in summarily denying the appellant's omnibus motion on the ground that it was untimely filed *(see,* Family Ct Act § 332.2 [1], [3]), as his application did not present a compelling argument for suppression of statements or physical evidence *(see generally, New York v Quarles,* 467 US 649; *People v Howard, supra; cf., Matter of Anthony S.,* 162 AD2d 325).

Viewing the evidence in the light most favorable to the petitioner *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the finding was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.