■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR RAVENTOS, Appellant. [605 NYS2d 334] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Garry, J. ), rendered January 6, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

In *People v Bialostok* (80 NY2d 738), the Court of Appeals held that, irrespective of how it is actually used, an electronic device which can in some way be adapted so as to function as an eavesdropping device must be deemed an eavesdropping device for the purpose of applying the controlling statutory and constitutional provisions (US Const 4th, 14th Amends; NY Const, art I, § 12; CPL 700.15, 700.05 [1]). During the investigation that eventually led to the defendant's arrest in this case, a pen register was installed on the telephone line of a third party, and the defendant asserts that this pen register may have been capable of the same sort of adaptation as that described by the Court of Appeals in the *Bialostok* case (80 NY2d 738, *supra).* Conceding that the record is silent on the question of the pen register's susceptibility to such adaptation, the defendant argues that the matter should be remitted to the Supreme Court in order to provide him with an opportunity to remedy this deficiency in the record and, in the interim, the appeal should be held in abeyance. We conclude that this relief is not warranted, either as a matter of law or in the interest of justice.

An appellate court has no obligation to direct further proceedings in order to allow a defendant to inject new facts into the record, solely for the purpose of allowing the defendant to assert a legal argument on appeal which cannot properly be reviewed based on the record as it stands *(see, e.g., People v Mercado,* 62 NY2d 866; *People v Kinchen,* 60 NY2d 772; *People v Charleston,* 54 NY2d 622; *People v Messina,* 196 AD2d 557; *People v Noland,* 189 AD2d 829; *People v Weinberg,* 183 AD2d 930; *People v Mazzella,* 178 AD2d 171; *People v Gooden,* 151 AD2d 773; *People v Persaud,* 144 AD2d 707; *People v Underwood,* 126 AD2d 584).* The rule is no different where, as here, the validity of the legal argument sought to be advanced by the defendant is dependent, in whole or in part, on new case law pronounced by the Court of Appeals after the proceedings in the trial court had been concluded *(see, e.g., People v Mercado,* 62 NY2d 866, *supra; People v Donovan,* 107 AD2d 433; *People v Jennings,* 94 AD2d 802).* Assuming that the directing of such further proceedings might be authorized in the interest of justice *(see, e.g., People v Tejada,* 171 AD2d 585),* we find that the interest of justice does not warrant such relief in this particular case.

In light of the foregoing, we express no opinion as to the retroactivity of the rule of the *Bialostok* case (80 NY2d 738, *supra),* as to the defendant's standing to object to the pen register, or as to whether the data furnished by the pen register was decisive in furnishing the probable cause needed to issue the subsequent eavesdropping warrant.

We have examined the defendant's contention as to the sentence imposed and find it to be without merit. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.