■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MAYBERRY, Appellant. [638 NYS2d 147] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered September 21, 1993, convicting him of murder in the second degree (two counts), robbery in

the first degree, robbery in the second degree, criminal possession of stolen property in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant contends that he was deprived of the effective assistance of counsel, inter alia, by the failure of his counsel to request a charge to the jury on the affirmative defense contained in Penal Law § 125.25 (3). However, no reasonable view of the evidence supports that affirmative defense (see, People v Fells, 121 AD2d 394). Accordingly the defendant's contention is without merit.

The defendant also contends that the court should not have imposed consecutive sentences for his convictions of intentional murder and robbery in the first degree. The testimony adduced at trial clearly indicates that the beating and punching of the victim at the back door of her home to effectuate the robbery was a separate and distinct act from the subsequent killing of her in the bathroom to prevent her from identifying the defendant and his accomplice. Accordingly, the imposition of consecutive sentences for the defendant's convictions of intentional murder and robbery in the first degree was proper (see, People v Underwood, 52 NY2d 882).

The defendant's sentence was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, J. P., Balletta, Thompson and Hart, JJ., concur.