■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIN ARCHIE, Appellant. [647 NYS2d 942] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered November 29, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, it was legally sufficient to establish defendant's guilt beyond a reasonable doubt (*People v Contes*, 60 NY2d 620). Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]). The record demonstrates that defendant's behavior, both before, during and after the sale, was consistent with that

of a "steerer" in a drug sales operation and the jury reasonably concluded from the evidence that he was not acting solely as an extension of the buyer (*People v Herring*, 83 NY2d 780; *People v Perez*, 209 AD2d 174).

The agency charge, viewed as a whole, properly conveyed the appropriate legal principles. Defendant's challenge to the propriety of the supplemental charge, in which the court re-read its initial charge on agency, is unpreserved for appellate review due to failure to object (CPL 470.05 [2]; *People v Gruttola*, 43 NY2d 116, 123), and we decline to review it in the interest of justice. Were we to review it, we would find that the charge was a proper response to the jury's note, which only requested a re-reading of, or a copy of, the initial charge (*People v Almodovar*, 62 NY2d 126). Concur—Milonas, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.