■ The People of the State of New York, Respondent, v Rashieb Grant, Appellant. [657 NYS2d 410] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered March 8, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, it was legally sufficient to establish defendant's guilt as a steerer in the transaction beyond a reasonable doubt (*People v Contes*, 60 NY2d 620). Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]). Issues of credibility were properly presented to the jurors, who saw and heard the witnesses (*People v Gaimari*, 176 NY 84, 94), and we see no reason to disturb their determination. There was ample evidence that defendant acted as a steerer and was not acting solely as an extension of the buyer (*People v Herring*, 83 NY2d 780; *People v Archie*, 232 AD2d 195, *lv denied* 89 NY2d 918).

After granting a short adjournment to await the arrival of a defense witness, the court proceeded with the trial. During summations, the witness appeared in court but defense counsel waited until after the completion of his summation, the People's summation and the court's charge to the jury to seek any relief. He then limited his request to a mistrial, which the court denied. Although on appeal, defendant contends that the court deprived him of a fair trial by failing to reopen the case, the issue has not been preserved for appellate review as a matter of law in light of the specific, limited request for the inappropriate remedy of a mistrial (CPL 470.05 [2]), and we decline to review in the interest of justice. The court was under no obligation to reopen the proceedings to permit the witness to testify (*People v Farrow*, 176 AD2d 130, *lv denied* 79 NY2d 826; *People v Smith*, 173 AD2d 416, *lv denied* 78 NY2d 974; *People v Rolon*, 172 AD2d 252, *lv denied* 78 NY2d 926; *see also*, *People v Rice*, 75 NY2d 929, 932-933). Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.